**Ex parte Guadalupe GUAJARDO, Jr.**

**No. 04–01–00233–CV.**

Court of Appeals of Texas, San Antonio.

Nov. 30, 2001.

Guadalupe Guajardo, Jr., Huntsville, pro se.

Joe Mike Pena, Asst. Dist. Atty., San Diego, for Appellee.

Sitting: CATHERINE STONE, Justice SARAH B. DUNCAN, Justice KAREN ANGELINI, Justice.

**OPINION**

CATHERINE STONE, Justice.

In this appeal, we are asked to determine whether the trial court abused its discretion when it denied a motion for the expungement of criminal records without providing an opportunity for the petitioner to participate in the hearing on the motion. We conclude the trial court abused its discretion; thus, we reverse the trial court's judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

FACTUAL & PROCEDURAL BACKGROUND

Appellant Guadalupe Guajardo, Jr. is

currently in prison.[1] In January 2001, Guajardo filed a motion to expunge two previous arrests from his record: one for evading arrest/resisting a peace officer on May 5, 1989, and the other for escaping from felony arrest or a penal institution on August 11, 1994. Guajardo also filed (1) a motion for writ of habeas corpus ad testificandum; (2) a request to Duval County Assistant District Attorney Joe Mike Peña for the production of any complaint, arrest warrant, report, indictment, or information for each of the offenses he sought to expunge; and (3) a request for admissions from Peña that there was no indictment or information for either arrest, that the charge of evading a peace officer was dismissed, that the charge of escape was rejected, and that the statute of limitations had expired for both offenses.

Duval County did not file an answer, produce any documents, or respond to the request for admissions. The trial court set a date to hear the motion but did not rule on the writ of habeas corpus ad testificandum, issue a bench warrant, or arrange for Guajardo to participate at the hearing by any other means. When the case was first called on the date of the hearing, no one responded. After Peña arrived at the courtroom a short time later, the case was called a second time. Peña offered into evidence a final judgment dated June 19, 1995, showing Guajardo had been convicted of possession of a firearm by a felon. He also stated the District Attorney's office had previously dismissed the 1989 and 1994 indictments on the two charges at issue at the time of dismissal because Guajardo's parole was about to be revoked and Guajardo was scheduled to leave the county for imprisonment in the Ellis Unit of the Texas Department of Corrections prison in Huntsville. At the close of the hearing, the trial court found that Guajardo did not qualify for expungement and denied the motion.

### DISCUSSION

▪ On appeal, Guajardo contends in ten points of error that he was deprived of due process and equal protection of the laws when the trial court admitted evidence from the State at the hearing on the motion to expunge without permitting Guajardo to participate. We review a trial court's ruling on a motion to expunge under an abuse of discretion standard. *Ex parte Current*, 877 S.W.2d 833, 836 (Tex. App.—Waco 1994, no writ).

### *Statutory Requirements to Expunge Criminal Records*

▪ The Code of Criminal Procedure permits a person to expunge his arrest records upon meeting certain requirements. *See* TEX.CODE CRIM. PROC. ANN. arts. 55.01, 55.02 (Vernon Supp.2001). The petition to expunge the records must be verified and must include such information as the petitioner's name, sex, race, date of birth, and the offense charged against the petitioner. *Id.* at art. 55.02, § 2(b). A person is entitled to an expunction if he has been acquitted by the trial court, or has been convicted and subsequently pardoned, or if each of the following conditions exist:

(A) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause

---

1. The record does not reflect the offense or the length of the sentence.

at the time of the dismissal to believe the person committed the offense or because it was void;

(B) he has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered probation under Article 42.12, Code of Criminal Procedure, nor a conditional discharge under Section 481.109, Health and Safety Code; and

(C) he has not been convicted of a felony in the five years preceding the date of the arrest.

*Id.* at art. 55.01(a)(2). The petitioner bears the burden of proving compliance with all of the statutory requirements. *Harris v. State*, 733 S.W.2d 710, 711 (Tex. App.—San Antonio 1987, no writ).

### Dismissal and State's Appearance

■ In point of error two, Guajardo contends the trial court erred by dismissing his petition for want of prosecution. Because the trial court called the case a second time and conducted a hearing, Guajardo cannot show harm from the original dismissal. We overrule point of error two. In point of error five, Guajardo contends in part that the trial court erred by allowing the State to introduce evidence when it had not answered his petition. The State's appearance at the hearing was sufficient to show it was contesting the petition. *See Texas Dep't of Pub. Safety v. Mendoza*, 952 S.W.2d 560, 562 (Tex.App.—San Antonio 1997, no writ) (holding that Department of Public Safety's appearance at hearing amounted to general denial of allegations in petition despite Department's failure to file an answer). Therefore, the trial court did not err in allowing the State to proceed. We overrule that portion of point of error five addressing the State's right to submit evidence.

### Access to Courts

The remainder of point of error five and points of error three, four, six, and ten are variations on the same theme—whether the trial court erred in denying Guajardo the opportunity to participate in the expungement hearing. Therefore, we will address these points of error together.

■ Individuals who are prison inmates do not automatically lose their access to the courts as a result of their incarcerated status. *See Hudson v. Palmer*, 468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). However, inmates, whether they are defendants or plaintiffs in civil actions, do not have an absolute right to appear in person. *See Pruske v. Dempsey*, 821 S.W.2d 687, 689 (Tex.App.— San Antonio 1991, no writ).

■ This court has articulated several factors the trial court should consider in responding to an inmate's desire to appear in person, including:

(a) the cost and inconvenience of transporting the prisoner between his place of incarceration and the courtroom;

(b) the security risk and potential danger to the court and public of allowing the prisoner to attend court;

(c) whether the prisoner's claims are substantial;

(d) whether a determination of the matter can reasonably be delayed until the prisoner is released;

(e) whether the prisoner can and will offer admissible, noncumulative testimony which cannot be offered effectively by deposition, telephone, or otherwise;

(f) whether the prisoner's presence is important in judging his demeanor and credibility compared with that of other witnesses;

(g) whether the trial is to the court or to a jury; and

(h) the prisoner's probability of success on the merits.

*Zuniga v. Zuniga,* 13 S.W.3d 798, 801 (Tex.App.—San Antonio 1999, no pet.). The trial court did not rule on Guajardo's motion for writ of habeas corpus ad testificandum and nothing in the record indicates the trial court attempted to "strike a fair balance" between the integrity of the correctional system and Guajardo's right of access to the courts. *See id.* at 802. In addition, the trial court did not allow Guajardo to "proceed by affidavit, deposition, telephone, or other effective means." *See id.; see also In re Ramirez,* 994 S.W.2d 682, 684 (Tex.App.—San Antonio 1998, orig. proceeding) (noting that if inmate's physical presence is not necessary to disposition of pending matter, trial court should allow inmate to proceed by alternative means).

■ Guajardo alleged in his verified petition that he was entitled to expunction of his record because no indictment or information was ever presented by the State for either alleged offense, the charges were no longer pending, and he was not convicted of a felony in the five years preceding the date of the earliest offense. The record shows that the 1994 charge of escaping from felony arrest or a penal institution was "rejected" by the prosecutor on February 11, 1997. There is nothing in the record regarding the 1989 charge of evading arrest/resisting a peace officer. Although Peña stated at the hearing that the indictments had been dismissed for reasons other than mistake or false information, he did not submit copies of the indictments, and there are none in the record on appeal. Guajardo contends there were no indictments. Even if there were, and each was dismissed, expunction is not based solely on the prosecutor's subjective reason for dismissal. *Harris County Dist. Attorney's Office v. Hopson,* 880 S.W.2d 1, 4 (Tex.App.—Houston [14th Dist.] 1994, no writ). If it were, there would be no need for a hearing-the judge would simply ask the prosecutor why the indictment was dismissed and enter a judgment accordingly. *Id.*

In addition, the judgment showing Guajardo was convicted of being a felon in possession of a firearm, although accepted into evidence by the trial court, was not relevant to the proceeding because it was rendered June 20, 1995, one year after the 1994 arrest and six years after the 1989 arrest. The statute does not address convictions that occur after the dates of the arrests a petitioner seeks to expunge, only convictions in the five years *preceding* the arrest. *See* TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2)(C) (Vernon Supp.2001). Peña did not submit any judgments rendered against Guajardo in the five years preceding either arrest and there are none in the record before us.

■ Allegations in a petition are not evidence; the petitioner is required to prove compliance with statutory conditions. *Texas Dep't of Pub. Safety,* 952 S.W.2d at 563. Because Guajardo was not provided with an opportunity to participate in the hearing, he could not argue the irrelevance of the judgment offered into evidence by the State, nor could he seek to compel the State to present copies of the indictments, if they exist, or challenge the reasons for dismissal. Even if the merits of his case could have been determined without his physical presence, the trial court abused its discretion when it did not make alternative arrangements for Guajardo to present his side of the dispute to the court. *See Zuniga,* 13 S.W.3d at 802. We sustain the remainder of point of error five and points of error three, four, six, and ten.

CONCLUSION

Given our disposition of the preceding points of error, we need not address points of error one, seven, eight, or nine, in which Guajardo challenges Peña's testimony and the evidence introduced by the State. Guajardo will have an opportunity to challenge this evidence on remand.

We reverse the trial court's judgment and remand the cause for further proceedings.