TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00636-CV







Michael F. Heine, Appellant


v.


Texas Department of Public Safety, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT

NO. 180,269-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING





 

 Appellant Michael F. Heine filed a petition for expunction, along with a motion for
conference call, a motion for bench warrant, and a motion for court-appointed counsel. The trial
court denied his motions and his petition, concluding that Heine did not satisfy the statutory
requirements for expunction of his records and that his petition was barred by the statute of
limitations. By five issues, Heine appeals the trial court's judgment. We hold that the trial court
erred in calculating the date of Heine's prior felony conviction, in applying a four-year statute of
limitations to the statutory privilege of expunction, and in failing to consider Heine's request for a
hearing by conference call. We reverse the trial court's denial of the petition and render judgment
that Heine's arrest be expunged.BACKGROUND

 Heine was convicted on July 21, 1981, for aggravated assault and sentenced to a ten-year probated sentence. His probation was revoked on April 12, 1986, and he was sentenced to three
years' imprisonment. After release, on June 5, 1988, Heine was arrested for aggravated sexual
assault of a child. The complaint was never presented to a grand jury and was dismissed on
November 26, 1991. The reason for the dismissal is in dispute; however, the dismissal order states
as grounds for dismissal: "On 11-26-91 the Defendant pled guilty to Burg. of a Bldg. and received
15 years . . . ." (1) 

 On November 1, 1999, Heine, who was in prison for another offense, filed his first
pro se petition for the expunction of his 1988 arrest, (2) as well as a motion for conference call, which
the trial court never considered. Heine also filed a motion for court-appointed counsel and a motion
for a bench warrant. Both motions were denied. The trial court held a hearing on Heine's petition
on July 26, 2001, and both the Bell County district attorney (the State) and counsel for the
Department of Public Safety (the Department) were present, but no arrangements were made for
Heine's presence at the hearing. At the hearing, the State urged the trial court to deny Heine's
petition for two reasons: (1) Heine could not satisfy the statutory requirements for expunction
because he had been convicted of a felony within five years preceding the date of the arrest, and (2)
Heine's petition for expunction is a civil suit, which is subject to the four-year statute of limitations
found at section 16.051 of the civil practice and remedies code. See Tex. Civ. Prac. & Rem. Code
Ann. § 16.051 (West 1997). The State argued that although Heine was convicted of aggravated
assault in 1981 (more than five years preceding his 1988 arrest), the conviction was not final until
his probation was revoked in 1986 (fewer than five years preceding the 1988 arrest). The
Department essentially adopted the same arguments. The trial court denied Heine's petition, and in
its findings of fact and conclusions of law, stated its reasons for doing so: (1) Heine had been
convicted within five years preceding the arrest, and (2) his petition was barred by the statute of
limitations. This appeal ensued.


DISCUSSION Article 55.01 of the code of criminal procedure (as it existed at the time of trial) (3)
provides wrongfully arrested persons an opportunity to expunge their arrest records if: (1) an
indictment or information has not been presented for an offense arising out of the transaction for
which the person was arrested; (4) (2) the person has been released and the charge has not resulted in
a final conviction, is no longer pending, and did not result in court ordered community supervision;
and (3) the person has not been convicted of a felony in the five years preceding the date of the
arrest. Tex. Code Crim. Proc. Ann. art. 55.01 (West Supp. 2003). The petitioner is entitled to
expunction only if all of the statutory requirements have been satisfied. Quertermous v. State, 52
S.W.3d 862, 864 (Tex. App.--Fort Worth 2001, no pet.). Although section 55.01, the expunction
statute, is included in the code of criminal procedure, an expunction proceeding is a civil proceeding;
thus, the petitioner carries the burden of proving compliance with the statutory requirements. Ex
parte Guajardo, 70 S.W.3d 202, 205 (Tex. App.--San Antonio 2001, no pet.); Kendall v. State, 997
S.W.2d 630, 631 (Tex. App.--Dallas 1998, pet. denied). We review a trial court's ruling on a
petition for expunction under an abuse of discretion standard. Guajardo, 70 S.W.3d at 204.


Date of Conviction

 By his first issue Heine asserts that insufficient evidence exists to support the trial
court's conclusion that he had been convicted of a felony within the five-year period preceding his
arrest and that the trial court erred in denying his petition on this basis. The finding underlying the
trial court's conclusion provides: "Michael F. Heine was finally convicted of the offense of
aggravated assault, a felony, on April 12, 1986, when his probation for aggravated assault was
revoked in Cause No. 81-176K, 26th District Court of Williamson County, Texas." Here, although
designated as a finding of fact, the trial court's determination that Heine was finally convicted only
after his probation was revoked is a conclusion of law, which we review de novo.

 The record filed with this Court includes the order revoking Heine's probation, signed
May 2, 1984. The first sentence of that order begins: "On the 21st day of July, 1981, the defendant,
Michael F. Heine, was duly and legally convicted of the offense of Aggravated Assault . . . ." 
(Emphasis added.) The State argues that despite this language, Heine was not finally convicted for
purposes of the expunction statute until his probation was revoked, April 12, 1986. The State relies
on Jordan v. State, 36 S.W.3d 871 (Tex. Crim. App. 2001), for support.

 In Jordan, the appellant was placed on deferred adjudication community supervision
for the offense of delivery of cocaine. Id. at 872. His community supervision was subsequently
revoked, and immediately after the revocation hearing, the appellant pled guilty to the offense of
unauthorized use of a vehicle. Id. The trial court relied on appellant's prior offense of delivery of
cocaine to sentence appellant to two years of incarceration for the unauthorized use of a vehicle
conviction; under the then-existing version of article 42.12 of the code of criminal procedure, the
appellant would have been entitled to probation were it not for the prior offense. Id. On appeal, the
court of criminal appeals addressed the issues of whether the prior offense must be a final conviction
to remove the possibility of probation and whether the prior conviction in Jordan was final. Id. at
873. The court concluded that the prior offense must be a final conviction for purposes of the
statute. Id. at 873-75. Furthermore, the court held that deferred adjudication does not constitute a
final conviction for the purpose of determining eligibility for probation in a subsequent prosecution. 
Id. at 875-76. Only upon revocation does a deferred adjudication become a conviction. (5) Id. at 876.

 In reaching its holding, the Jordan court distinguished deferred adjudication from
regular probation. Id. For purposes of determining eligibility for probation in a subsequent
prosecution, the court observed: "[S]o long as any appeal of the imposition of probation has been
resolved, a probated conviction does constitute a final conviction . . . ." Id. at 875 (emphasis added). 
A probated conviction is considered final even if probation is never revoked or the revocation of
probation is on appeal. Id.; see also Franklin v. State, 523 S.W.2d 947, 947-48 (Tex. Crim. App.
1975). Thus, it appears that Jordan supports the reverse of the proposition for which the State cites
it. Following the reasoning in Jordan and Franklin, we hold that for purposes of the expunction
statute, Heine's conviction was final at the time he was sentenced to regular probation in 1981
(which he did not appeal), not when his probation was subsequently revoked in 1986. Accordingly,
based on the record before us, Heine had not been convicted of a felony within the five-year period
preceding his arrest, and the trial court erred in concluding otherwise. We sustain Heine's first issue.


Limitations

 By his second issue, Heine asserts that the trial court erred in applying the four-year
statute of limitations under section 16.051 of the civil practice and remedies code to his petition for
expunction. Section 16.051 sets a four-year statute of limitations for every civil action for which
there is no express limitations period, except an action for the recovery of real property. Tex. Civ.
Prac. & Rem. Code Ann. § 16.051. The State argues that because a petition for expunction is civil
in nature, the residual four-year limitations period prescribed in section 16.051 should bar this
petition. 

 Article 55.01 of the code of criminal procedure provides wrongfully arrested persons
the opportunity to expunge their arrest records. The right to expunction is a statutory privilege. In
re Wilson, 932 S.W.2d 263, 265 (Tex. App.--El Paso 1996, no writ). In a statutorily created cause
of action, all the statutory provisions are mandatory and exclusive, and a person is entitled to
expunction only when all statutory conditions have been met. Id. at 266.

 Section 55.01(a) sets out the requirements for expunction by right, and section
55.01(b) sets out the conditions for discretionary expunction. Tex. Code Crim. Proc. Ann. art. 55.01;
see also Ex parte Current, 877 S.W.2d 833, 836 (Tex. App.--Waco 1994, no writ). Heine
proceeded under the first provision--expunction by right. If a petitioner demonstrates that he has
satisfied each of the requirements under this provision, the trial court does not have any discretion
to deny the request for an expunction; the court must grant the request. Perdue v. Texas Dep't of
Pub. Safety, 32 S.W.3d 333, 335 (Tex. App.--San Antonio 2000, no pet.); see also Tex. Code Crim.
Proc. Ann. art. 55.02, § 2(d) (West Supp. 2003) ("If the court finds that the petitioner is entitled to
expunction of any records and files that are the subject of the petition, it shall enter an order directing
expunction.") (emphasis added). The trial court cannot alter the meaning of the statute by adding
a limitations element to defeat the right to expunction.

 Moreover, applying the statute of limitations to the expunction statute does not
comport with the intent of the statute. The expunction statute is remedial in nature and should be
given the most comprehensive and liberal construction possible. State v. Arellano, 801 S.W.2d 128,
130 (Tex. App.--San Antonio 1990, no pet.). In enacting the expunction statute, the legislature
intended to cure the evils attendant to wrongful arrests. Id. at 132. The expunction statute does not
create a cause of action against another party who needs to be protected from stale claims. Cf. Steed
v. Steed, 908 S.W.2d 581, 583 (Tex. App.--Fort Worth 1995, writ denied) (holding statute of
limitations compels party to bring cause of action within reasonable time so opposing party has fair
opportunity to defend it).

 Indeed, the San Antonio court of appeals concluded that the legislative intent behind
the privilege of expunction supported the retroactive application of the statute because the purpose
of the statute was to provide the remedy of expunction to anyone who had ever suffered a wrongful
arrest, whether the arrest occurred before or after the passage of the statute. Arellano, 801 S.W.2d
at 132. The court's opinion also recounted the story of Jack Vaughan, who was invited to testify
before the legislature by the bill's sponsor, Representative Watson. Vaughan testified that his son
had been arrested six years earlier. Although the charges were ultimately dropped, the record of the
arrest periodically surfaced when his son applied for the military and for law school. Id. Vaughan's
story was one of the factors that motivated Representative Watson to introduce the expunction
legislation. Id. at 131-32. Retroactive application of the expunction statute ensured that individuals
such as Vaughan's son had an opportunity to have their wrongful arrests expunged regardless of
when the wrongful arrest occurred. Id. at 132.

 The intent of the legislature in enacting the expunction statute should not be thwarted
by requiring that an individual who was wrongfully arrested either seek expunction within four years
or be burdened with an arrest record for the rest of his life. The wrongfulness of the arrest is not
affected by the length of time that has elapsed before the filing of a petition for expunction. To limit
an individual's ability to seek expunction to a four-year time period, as the State here urges, would
defeat the intent of this remedial legislation. Although the petition for expunction is a civil action
that places the burden of persuasion on the petitioner, because it involves no other party who might
be harmed by the bringing of a stale claim, we decline to apply the statute of limitations as the State
urges. In doing so, we note that no appellate court has so limited the right to expunction. See, e.g.,
Ex parte Stiles, 958 S.W.2d 414 (Tex. App.--Waco 1997, pet. denied); Harris County Dist.
Attorney's Office v. D.W.B., 860 S.W.2d 719 (Tex. App.--Houston [1st Dist.] 1993, no writ);
Arellano, 801 S.W.2d at 129-30. Accordingly, we hold that section 16.051 of the civil practice and
remedies code does not act as a bar to the statutory remedy of expunction. Heine's second issue is
sustained.


Right to a Hearing

 By his fifth issue, Heine claims he was denied due process of law when the trial court
failed to consider his motion for conference call (6) and denied his motion for bench warrant and
motion for court-appointed counsel. The trial court is required to set a hearing on a petition for
expunction. Tex. Code Crim. Proc. Ann. art. 55.02, § 2(c). But see Current, 877 S.W.2d at 839
(holding that hearing on petition for expunction was not necessary when all relevant facts were
available to court). Individuals who are incarcerated do not automatically lose their access to the
courts as a result of their incarcerated status. Hudson v. Palmer, 468 U.S. 517, 523 (1984);
Guajardo, 70 S.W.3d at 205. Inmates do not, however, have an absolute right to personally appear. 
Guajardo, 70 S.W.3d at 205. In considering whether a personal appearance is warranted, the trial
court must balance the government's interest in protecting the integrity of the correctional system
against the prisoner's right of access to the courts. (7) Id. at 206; Nance v. Nance, 904 S.W.2d 890, 892
(Tex. App.--Corpus Christi 1995, no writ). A key factor in this balancing exercise is whether the
inmate is represented by counsel or is proceeding pro se. Jones v. Jones, 64 S.W.3d 206, 210 (Tex.
App.--El Paso 2001, no pet.); Dodd v. Dodd, 17 S.W.3d 714, 717 (Tex. App.--Houston [1st Dist.]
2000, no pet.). We review a trial court's decision to grant or deny an inmate's request for a bench
warrant for abuse of discretion. In re B.R.G., 48 S.W.3d 812, 820 (Tex. App.--El Paso 2001, no
pet.); Dodd, 17 S.W.3d at 716.

 In this case, neither the Department nor the State called any witnesses to testify. 
Instead, both argued that Heine's petition for expunction should be denied because it was barred by
the statute of limitations and because Heine had been convicted of a felony within the five years
preceding his arrest. Because Heine was not provided an opportunity to participate in the hearing,
he could not challenge the legal arguments advanced by the Department and the State or assert his
compliance with the statutory requirements. The right to be heard includes the opportunity to be
heard on questions of law and to have judgment rendered only after trial. Nichols v. Martin, 776
S.W.2d 621, 623 (Tex. App.--Tyler 1989, no writ). Even if the merits of Heine's petition could be
determined without his physical presence, under these circumstances the trial court should have
considered other effective means for Heine to present his side of the dispute to the court, for example
by arranging a conference call. Guajardo, 70 S.W.3d at 206; Byrd v. Attorney Gen., 877 S.W.2d
566, 569 (Tex. App.--Beaumont 1994, no writ). Heine's fifth issue is sustained. (8)


CONCLUSION

 Because Heine had not been convicted of a felony within the five years preceding his
arrest and because he satisfied all of the other statutory requirements for expunction, we hold the trial
court had no discretion to deny his petition for expunction. Furthermore, we hold that applying the
residual statute of limitations found in the civil practice and remedies code to the expunction statute
defeats the intent of this remedial legislation, and we decline to so apply it. Accordingly, we reverse
the judgment of the trial court and render judgment granting Heine's petition for expunction.



 __________________________________________

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Reversed and Rendered

Filed: December 12, 2002

Publish
1. The State concedes that the "reason for the dismissal has nothing to do with the Appellant's
entitlement to expunction" because appellant was never indicted for the offense. See Tex. Code
Crim. Proc. Ann. art. 55.01(a)(2)(A) (West Supp. 2003).
2. Heine supplemented his petition two times before the hearing was held.
3. Article 55.01 has been amended since the date of Heine's expunction hearing and the
court's rendition of judgment. See Act of May 17, 2001, 77th Leg., R.S., ch. 1021, § 1, 2001 Tex.
Gen. Laws 2236, 2237 (Tex. Code Crim. Proc. Ann. art. 55.01, since amended). Because this
amendment did not take effect until September 1, 2001, see id., we will apply the article as it existed
before the amendment became effective, but we will cite to the current statute for convenience.
4. In cases where an information or indictment has been presented, the petitioner must prove
that the indictment/information was dismissed or quashed because the presentment was made due
to mistake, false information, or other similar reason indicating absence of probable cause. See Tex.
Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii) (West Supp. 2003); Ex parte Guajardo, 70 S.W.3d
202, 204-05 (Tex. App.--San Antonio 2001, no pet.). Thus, if Heine had been indicted for the
offense, Heine's burden would have been greater. He would have had to prove that the indictment
was dismissed because the presentment had been made due to mistake, false information, or other
similar reason indicating absence of probable cause to believe he committed the offense. The
amendment to the statute provides an alternative to this requirement: in cases where an information
or indictment was not presented, the petitioner must now prove that the limitations period for the
offense expired before the filing of the petition for expunction. See Act of May 17, 2001, 77th Leg.,
R.S., ch. 1021, § 1, 2001 Tex. Gen. Laws 2236, 2237 (Tex. Code Crim. Proc. Ann. art. 55.01, since
amended). 
5. In Jordan, the court held that even though the appellant's deferred adjudication had been
revoked before he was sentenced for the unauthorized use of a vehicle offense, the revocation was
not yet a "final conviction" because the appellant still had an opportunity to appeal the revocation. 
Jordan v. State, 36 S.W.3d 871, 877 (Tex. Crim. App. 2001).
6. Because the trial court held a hearing on Heine's petition for expunction without providing
Heine an opportunity to participate by conference call, the trial court implicitly overruled Heine's
motion for conference call. See Tex. R. App. P. 33.1(a)(2)(A).
7. The trial court should consider several factors in balancing these two interests, including:


 

 the cost and convenience of transporting the inmate to court;



 the security risk and potential danger to the court and the public of allowing
the inmate to attend court;



 whether the inmate's claims are substantial;



 whether a determination of the matter can reasonably be delayed until the
inmate is released;



 whether the inmate can and will offer admissible, noncumulative testimony
that cannot be offered effectively by deposition, telephone, or otherwise;



 whether the inmate's presence is important in judging his demeanor and
credibility compared with that of other witnesses;



 whether the trial is to the court or to a jury; and



 the inmate's probability of success on the merits.



Guajardo, 70 S.W.3d at 205-06. 
8. Because we are reversing and rendering, we need not reach Heine's remaining issues. See
Tex. R. App. P. 47.1.