In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-380 CV


____________________



DERRICK K. EAGLIN, Appellant



V.



STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. X-521







MEMORANDUM OPINION


 This appeal is from an order denying a petition for expunction of records filed by
Derrick Eaglin. Eaglin filed his petition pro se requesting expunction of records relating to
a charge of aggravated sexual assault which he contends was dismissed. Eaglin asserted that
he meets the criteria required for expunction of records under article 55.01 of the Texas Code
of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 55 (Vernon Supp. 2005). 

 The State filed its answer contending that Eaglin failed to meet the criteria enumerated
in Texas Code of Criminal Procedure article 55.01(a)(2) for expunction because he had been
convicted of a felony in the five years preceding the date of the arrest. See Tex. Code. Crim.
Proc. Ann. art. 55.01(a)(2)(C) (Vernon Supp. 2005). The State asserted that Eaglin pled
guilty to felony theft less than five years before the aggravated sexual assault arrest, was
ordered to pay a $1500.00 fine, and was placed on deferred adjudication probation for five
years. Eaglin filed his response stating he received deferred adjudication probation for the
theft charge and the charge did not result in a final conviction. Eaglin also filed a "Motion
for Bench Warrant or In the Alternative Motion for Hearing by Teleconference." The trial
court set a hearing on the matter but never expressly ruled on Eaglin's motion for bench
warrant or telephone conference. The record does not include a transcript of the hearing. 
The trial court denied Eaglin's petition for expunction of records. 

 Eaglin argues on appeal that the trial court abused its discretion in failing to allow him
the opportunity to participate in the hearing, depriving him of his right to due process of law,
and denying his petition for expunction of records. The State argues that being placed on
deferred adjudication community supervision under article 42.12 of the Texas Code of
Criminal Procedure renders Eaglin ineligible for expunction of his arrest record. See Tex.
Code Crim. Proc. Ann. art. 42.12 (Vernon Supp. 2005); Tex. Code Crim. Proc. Ann. art.
55.01(2)(B) (Vernon Supp. 2005). Eaglin asserts the State has misinterpreted Article
55.01(2)(B). He contends that deferred adjudication only affects a petitioner's eligibility for
expunction of records if the deferred adjudication relates to the arrest he is seeking to have
expunged. Eaglin argues that because the deferred adjudication for the theft charge does not
relate to the aggravated sexual assault charge he is seeking to have expunged, and because
the deferred adjudication for the theft charge was not a "final conviction" but instead resulted
in a dismissal of the charge, the theft does not preclude expunction of the records of the
aggravated sexual assault charge. Eaglin claims he was unable to successfully offer evidence
and clarify the State's misinterpretation because he was denied the opportunity to participate
in some meaningful way in the hearing on his expunction proceeding.

 Expunction is a statutory privilege. Quertermous v. State, 52 S.W.3d 862, 864 (Tex.
App.--Fort Worth 2001, no pet.); Ex parte Myers, 24 S.W.3d 477, 480 (Tex. App.--Texarkana 2000, no pet.). The Code of Criminal Procedure permits a person to expunge a
record of an arrest upon meeting certain requirements. See Tex. Code Crim. Proc. Ann.
arts. 55.01, 55.02 (Vernon Supp. 2005). A person is entitled to an expunction if acquitted
by the trial court, if convicted and subsequently pardoned, or if each of the following
conditions exist:

 (A) an indictment or information charging the person with
commission of a felony has not been presented against
the person for an offense arising out of the transaction for
which the person was arrested or, if an indictment or
information charging the person with commission of a
felony was presented, the indictment or information has
been dismissed or quashed, and:

 (i) the limitations period expired before the
date on which a petition for expunction
was filed under Article 55.02; or

 (ii) the court finds that the indictment or
information was dismissed or quashed
because the presentment had been made
because of mistake, false information, or
other similar reason indicating absence of
probable cause at the time of the dismissal
to believe the person committed the
offense or because it was void; 

 (B) the person has been released and the charge, if any, has
not resulted in a final conviction and is no longer
pending and there was no court ordered community
supervision under Article 42.12 for any offense other
than a Class C misdemeanor; and 

 (C) the person has not been convicted of a felony in the five
years preceding the date of the arrest.


Id. at art. 55.01(a). 

 An expunction proceeding is civil in nature, and the petitioner has the burden of
proving compliance with article 55.01 et seq. of the Texas Code of Criminal Procedure.
Heine v. Tex. Dep't of Pub. Safety, 92 S.W.3d 642, 646 (Tex. App.--Austin 2002, pet.
denied). The trial court is required to set a hearing on a petition for expunction. Tex. Code
Crim. Proc. Ann. art. 55.02 § (2)(c). The petitioner is entitled to expunction only when all
of the statutory requirements have been met. Heine, 92 S.W.3d at 648. 

 Eaglin argues the court abused its discretion and deprived him of due process by not
ruling on his motion for bench warrant. By proceeding with the hearing without allowing
Eaglin to attend, however, the trial court implicitly denied Eaglin's "Motion for Bench
Warrant or In the Alternative Motion for Hearing by Teleconference." See In re Z.L.T., 124
S.W.3d 163, 165 (Tex. 2003) (By proceeding to trial without issuing a bench warrant, the
trial court implicitly denied petitioner's request.); Heine, 92 S.W.3d at 649 n.6 (By
proceeding with hearing on petition for expunction without providing petitioner the
opportunity to participate by conference call, the court implicitly overruled petitioner's
motion for conference call.); Tex. R. App. P. 33.1(a)(2)(A). 

 Eaglin also contends he was denied due process because he was not allowed any
means to argue his case for expunction at the hearing. Incarcerated individuals do not
automatically lose access to the courts as a result of their incarcerated status. Ex parte
Guajardo, 70 S.W.3d 202, 205 (Tex. App.--San Antonio 2001, no pet.). However, an inmate
does not have an absolute right to personally appear. Id. It is within the trial court's
discretion to determine whether an inmate may attend a court proceeding held in connection
with an action initiated by the inmate. Brewer v. Taylor, 737 S.W.2d 421, 423 (Tex. App--Dallas 1987, no writ). In determining whether a personal appearance is warranted, "appellate
courts have held that the trial court must balance, by considering various factors, the
government's interest in protecting the integrity of the correctional system against the
prisoner's right of access to the courts." Nance v. Nance, 904 S.W.2d 890, 892 (Tex. App.--Corpus Christi 1995, no writ). The factors that a trial court may consider are: the cost and
inconvenience of transporting the inmate to court; the security risk and potential danger to
the court and the public of allowing the inmate to attend court; whether the inmate's claims
are substantial; whether a determination of the matter can reasonably be delayed until the
inmate is released; whether the inmate can and will offer admissible, noncumulative
testimony that cannot be offered effectively by deposition, telephone or otherwise; whether
the inmate's presence is important in judging his demeanor and credibility compared with
that of other witnesses; whether the trial is to the court or to a jury; and the inmate's
probability of success on the merits. Guajardo, 70 S.W.3d at 205-06. The trial court may
also consider whether the inmate is represented by counsel or is proceeding pro se. In re
D.D.J., 136 S.W.3d 305, 312 (Tex. App.--Fort Worth 2004, no pet.). 

 We review a trial court's decision to grant or deny an inmate's bench warrant request
under an abuse of discretion standard. In re B.R.G., 48 S.W.3d 812, 820 (Tex. App.--El Paso
2001, no pet.). This Court has said a trial court abuses its discretion in failing to issue a
bench warrant to allow an inmate to appear in court without first considering and ruling upon
the inmate's bench warrant request and evaluating alternative methods of participation in
court proceedings. Byrd v. Att'y Gen. of Tex., 877 S.W.2d 566, 569 (Tex. App.--Beaumont
1994, no writ). The Supreme Court has restricted that holding to some extent. See In re
Z.L.T., 124 S.W.3d at 166. In In re Z.L.T., the Supreme Court held that a trial court does not
have a duty to go beyond the bench warrant request and independently inquire into the
necessity of an inmate's appearance. Id. The burden is on the litigant to identify with
sufficient specificity the grounds for the ruling he seeks. Id. (citing Tex. R. Civ. P. 21; Tex.
R. App. P. 33.1(a)(1)(A)). "A litigant's status as an inmate does not alter that burden." Id. 
"[S]ince a prisoner has no absolute right to be present in a civil action, it follows that the
prisoner requesting a bench warrant must justify the need for his presence." Id. (citing
Pedraza v. Crossroads Sec. Sys., 960 S.W.2d 339, 342 (Tex. App.--Corpus Christi 1997, no
pet.)). 

 Eaglin did not assert in his motion for bench warrant any argument to justify the need
for his presence at the hearing, nor did he address the factors a court is to consider in
determining whether a personal appearance is warranted. (1) See Guajardo, 70 S.W.3d at 205-06; In re D.D.J., 136 S.W.3d at 312. Although Eaglin argued that the State misapplied article
55.01, Eaglin presented these arguments in pleadings other than his motion for bench
warrant. Eaglin failed to make the required showing in his motion for bench warrant. (2)
 See
In re Z.L.T., 124 S.W.3d at 166. 

 As the petitioner, it was Eaglin's burden to present sufficient pleadings to show that
he was qualified to have his records expunged. See Heine, 92 S.W.3d at 646. Eaglin's
petition lacks the required verification and identification of the agency that arrested him for
aggravated sexual assault. See Tex. Code Crim. Proc. Ann. art. 55.02 § 2(b) (Vernon supp.
2005). Therefore, Eaglin's petition does not conform with the statutory requirements of a
petition for expunction. See id. at art. 55.02. The order denying Eaglin's petition states that
the court found that "the Petitioner is not entitled to expunction of any records and files that
are the subject of this petition." Because Eaglin's petition was insufficient on its face, denial
of the petition without prejudice would be proper. See generally Hughes v. Massey, 65
S.W.3d 743, 746 (Tex. App.--Beaumont 2001, no pet.) (Dismissal for failure to comply with
procedural rules governing filing of inmate litigation is not a ruling on the merits, so it was
error to dismiss the suit with prejudice.). We reform the order to make clear that the petition
is denied without prejudice, and the order is affirmed as reformed.



 AFFIRMED AS REFORMED.

 _________________________________

 DAVID GAULTNEY

 Justice


Submitted on November 25, 2005

Opinion Delivered January 26, 2006


Before Gaultney, Kreger, and Horton, J.J.







 
1. Eaglin's contention that the State misinterpreted and misapplied article 55.01 was
only asserted in his response to the State's opposition to expunction and not in his motion for
bench warrant. His motion for bench warrant only asserts that his ability to communicate
with the judge is "[i]mportant to the fair resolution of issues." Eaglin fails to make any
argument in his motion for bench warrant justifying his presence or participation. The
motion merely requested that he be allowed to participate in the hearing in some manner.
2. If a trial court decides a pro se inmate in a civil suit is not entitled to personally
appear for a hearing, the court should consider alternative means by which the petitioner may
offer evidence and participate when the petitioner explains the request. Under these
circumstances, given the lack of explanation in the request, the trial court may have assumed
the proof and arguments could be adequately submitted in writing. However, Eaglin did not
offer any written proof with his petition to show that he had not been convicted of a felony
in the five years preceding the date of the arrest, that his guilty plea concerning the theft
charge resulted in deferred adjudication probation, that he satisfactorily completed the
probation, and that the guilty plea ultimately resulted in dismissal after completion of the
probation.