Affirmed and Memorandum Opinion filed January 31, 2006









Affirmed and Memorandum Opinion filed January 31,
2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00651-CV

____________

 

EX PARTE ROBERT MCLENDON

 



 

On
Appeal from the 268th District Court

Fort
Bend County, Texas

Trial
Court Cause No. 04-CV-135853

 



 

M E M O R A N D U M   O P I N I O N

This appeal is from the denial of appellant=s petition for expunction.  Appellant raises three issues.  We affirm.








In his first issue, appellant claims the trial court abused
its discretion and violated appellant=s right to due process by not
allowing him to participate in the hearing on his petition.  The Texas Code of Criminal Procedure requires
the trial court to set a hearing on a petition for expunction.  See Tex.
Code Crim. Proc. Ann. art. 55.02 ' 2(c) (Vernon Supp. 2005).  Nonetheless, a trial court may rule on a
petitioner=s eligibility for expunction under
article 55.01(a) without conducting a hearing when all of the facts necessary
to determine the issue are available to the court.  See Ex parte Current, 877 S.W.2d 833,
839-40 (Tex. App.CWaco 1994, no writ). 
In such a case, the trial court=s failure to conduct a hearing is
harmless.  See McCarroll v. Texas Dep=t of Public Safety, 86 S.W.3d 376, 378 (Tex. App. Fort
Worth 2002, no pet.).

However, when a hearing is conducted, the trial court must
strike a fair balance between the government=s interest in protecting the
integrity of the correction system and the prisoner=s right of access to the courts.  See Ex parte Guajardo, 70 S.W.3d 202,
206 (Tex. App. B San Antonio 2001, no pet.); see also Heine v. Texas Dep=t of Public Safety, 92 S.W.3d 642, 650 (Tex. App. B Austin 2002, pet. denied).  Nothing in the record indicates the trial
court made such an attempt -- the trial court not only denied  appellant=s motion for a bench warrant, but
also denied appellant=s motion for hearing by conference call.  The trial court abuses its discretion when it
fails to make alternative arrangements for a prisoner to proceed by other
means, e.g., affidavit, deposition, or telephone.  See Guajardo, 70 S.W.3d at 206; Heine,
92 S.W.3d at 649.  Therefore, we conclude
the trial court abused its discretion by not allowing appellant to participate
in the hearing.  Issue one is sustained.  The error, however, was not harmful because
appellant=s petition failed to meet one of the
conditions for expunction. 

In issue two, appellant claims he satisfied all the statutory
requirements for expunction.  One of the
conditions that must exist for the expunction of all records and files relating
to an arrest is that Athe limitations period expired before the date on which a
petition for expunction was filed . . ..@ 
Tex. Code Crim. Proc. Ann.
art. 55.01(a)(2)(A)(I) (Vernon Supp. 2005). 
The record reflects appellant was arrested for burglary of a building on
November 2, 2001.  The statute of
limitations for that offense is five years. 
See Tex. Code Crim. Proc.
Ann. art. 12.01(4)(A) (Vernon Supp. 2005).  Appellant filed his petition for expunction
on April 19, 2004, before the limitations period expired.  Accordingly, we cannot say the trial court
abused its discretion in denying appellant=s petition.  Issue two is overruled.  

Appellant=s third issue also claims the trial court erred in dismissing
his petition. Due to our disposition of issue two, it is unnecessary to address
his final point.








For these reasons, the judgment of the trial court is
affirmed.  

 

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed January 31, 2006.

Panel consists of Justices Fowler,
Edelman, and Guzman.