In The



Court of Appeals



Ninth District of Texas at Beaumont



 __________________ 


 

NO. 09-06-229 CV


______________________


 

RAYMOND GROSS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


 Jefferson County, Texas 


Trial Cause No. X-587 






MEMORANDUM OPINION


 Raymond Gross filed a petition for expunction of an aggravated robbery arrest from
his record. The trial court denied his petition. We affirm the trial court's denial of the
expunction.

 Under article 55.01(a) of the Code of Criminal Procedure, a person placed under a
custodial or noncustodial arrest for commission of a felony is entitled to have all records and
files relating to the arrest expunged if the person meets certain statutory requirements. Tex.
Code Crim. Proc. Ann. art. 55.01(a) (Vernon Supp. 2006). An expunction proceeding is
civil rather than criminal in nature, and the burden of proving compliance with the statute is
on the petitioner. Houston Police Dep't v. Berkowitz, 95 S.W.3d 457, 460 (Tex. App.--Houston [1st Dist.] 2002, pet. denied). Expunction is a statutorily created remedy, and strict
compliance with the statute is required. Bargas v. State, 164 S.W.3d 763, 771 (Tex. App.--Corpus Christi 2005, no pet.). Allegations in a petition seeking expunction are not evidence. 
 Ex parte Guajardo, 70 S.W.3d 202, 206 (Tex. App.--San Antonio 2001, no pet.). Article 55.01 provides in part as follows:

 Art. 55.01. Right to Expunction

 (a) A person who has been placed under a custodial or noncustodial arrest for
commission of either a felony or misdemeanor is entitled to have all records
and files relating to the arrest expunged if:

 . . . .

 

 (2) each of the following conditions exist:

 (A) an indictment or information charging the person with
commission of a felony has not been presented against the
person for an offense arising out of the transaction for which the
person was arrested or, if an indictment or information charging
the person with commission of a felony was presented, the
indictment or information has been dismissed or quashed, and:

 (i) the limitations period expired before the date on
which a petition for expunction was filed under Article
55.02; or

 (ii) the court finds that the indictment or information was
dismissed or quashed because the presentment had been
made because of mistake, false information, or other
similar reason indicating absence of probable cause at the
time of the dismissal to believe the person committed the
offense or because it was void;

 (B) the person has been released and the charge, if any, has not
resulted in a final conviction and is no longer pending and there
was no court ordered community supervision under Article
42.12 for any offense other than a Class C misdemeanor; and

 (C) the person has not been convicted of a felony in the five years
preceding the date of the arrest.


Tex. Code Crim. Proc. Ann. art. 55.01(a)(1),(2) (Vernon Supp. 2006). 

 In issues one and two, Gross argues he has satisfied the requirements of article
55.01(a)(2)(C). He claims he was not convicted of a felony in the five years preceding the
date of his arrest. It is undisputed he was convicted of aggravated assault on September 17, 
1997. At issue is the date of the aggravated robbery arrest that he seeks to clear from his
record. Gross maintains he was arrested for the robbery offense in February 1997, prior to
his conviction for aggravated assault. The State asserts the arrest date was May 17, 2002. 
If the arrest date is prior to the September 1997 aggravated assault conviction, Gross may be
able to satisfy the requirements of section 55.01. If the aggravated robbery arrest was May
17, 2002, Gross cannot satisfy the requirements of section 55.01(a)(2)(C), because he was
convicted of a felony in the five years preceding the arrest he seeks to expunge. See Tex.
Code Crim. Proc. Ann. art. 55.01(a)(2)(C).

 As supporting evidence, Gross attached to his petition the trial court's September 9,
2002, order dismissing the aggravated robbery case for lack of a speedy trial. That order
contains no evidence of the arrest date. Jefferson County filed a response to the expunction
petition and asserted the May 2002 arrest date. Gross responded with the following
argument:

 Jefferson County placed a Hold/Detainer on [Gross] with the Harris County
Sheriff's department on Feb[ru]ary 27, 1997 and a $30,000.00 bond was set. 
[Gross] was unable to post the bond set by Jefferson County and remained in
custody of Houston Jail until [Gross's] conviction [for aggravated assault] in
Harris County on September 17, 1997. 


Gross attached no evidence supporting this assertion. The trial court denied his expunction. 

 Subsequently, Gross sent letters to this Court and included various attachments; he
also attached "exhibits" to his appellate briefs and his motion to take judicial notice filed in
this Court. (1) With the exception of the order dismissing the aggravated robbery case for lack
of a speedy trial, these attachments apparently were not presented to the trial court. In his
brief, he also references comments allegedly made by an attorney in the Jefferson County
District Attorney's office. Gross claims the attorney stated in another case that Gross was
arrested for aggravated robbery in February 1997. Nothing in the record supports this
assertion. Documents that are not introduced into evidence at trial are not properly included
in the record and cannot be considered on appeal. See Noble Exploration, Inc. v. Nixon
Drilling Co., 794 S.W.2d 589, 592 (Tex. App.--Austin 1990, no writ). 

 Gross had the burden to establish the requirements set out by statute, and he did not
do so. Although he urges this Court should take "judicial notice of facts," he did not request
this of the trial court, and he does not provide sufficient support for his motion in this Court. 
The motion to take judicial notice is denied. Issues one and two are overruled.

 In issue three, Gross complains he was denied the "right to participate or be heard to
contest [the State's] evidence," and he contends his due process and equal protection rights
were violated. Article 55.02, section 2(c) requires the trial court to set a hearing and give
each official, agency, or other entity named in the petition reasonable notice of the hearing. 
Tex. Code Crim. Proc. Ann. art. 55.02, § 2(c) (Vernon Supp. 2006). The trial court set a
hearing and ordered the clerk to serve a copy of the expunction petition on various named
agencies. The trial court complied with the statute. 

 Gross points out that prison inmates do not automatically lose their access to the
courts as a result of their incarceration. Ex parte Guajardo, 70 S.W.3d at 205 (citing Hudson
v. Palmer, 468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)). Nevertheless,
inmates, whether they are defendants or plaintiffs in civil actions, do not have an absolute
right to appear in person in court. Id. There are several factors the trial court considers in
responding to an inmate's desire to appear in person. Id. at 205-06. Other than Gross's
claim in his brief that he was denied the right to participate or be heard, there is nothing in
the record presented to this Court to show he asked the trial court to permit his presence at
the hearing in person or by conference call.

 Not every civil hearing necessarily requires a personal appearance before the court or
an oral presentation to the court. Ex parte Current, 877 S.W.2d 833, 839 (Tex. App.--Waco
1994, no writ) (quoting Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr., 754 S.W.2d 152, 153 (Tex.
1988)). There is no reporter's record in this case. The trial court ruled on the petition after 
Gross replied to the State's response. The court may have considered the petition based on
the written submissions. Under the circumstances, the court's procedure was proper. 

 Under his due process and equal protection argument in issue three, Gross maintains
he also asked for "assistance by appointment of counsel, conference call, findings of facts,
documents to be presented into expunction hearing . . ." He claims he contacted the
Jefferson County District Clerk and requested the indictment, copy of the capias, and court's
docket sheet, apparently in the aggravated robbery case. Gross asserts he forwarded these
documents to this Court. Gross has not shown that he put the trial court on notice of these
requests. The evidence supporting expunction must be presented to the trial court, and may
not be presented to this Court for the first time on appeal. See Graves v. Alders, 132 S.W.3d
12, 19 (Tex. App.--Beaumont 2004, pet. denied) (We do not consider on appeal matters not
properly presented to the trial court, and such matters cannot be incorporated into the record
by attaching them to a brief.). An appellate court is not a fact-finding court. Issue three is
overruled.

 In issue four, Gross contends the trial court's application of article 55.01 in this case
violates the prohibitions against ex post facto laws. He argues that article 55.01(a)(2)(C) is
the operative portion of the statute and that it was not in effect when he was arrested for
aggravated robbery. Subsection (C) was in effect at the time the offense allegedly occurred
and at the alleged time of arrest. Therefore, no ex post facto violation occurred. Issue four
is overruled.

 Under the circumstances of this case, we believe denial of the petition without
prejudice would be proper. See generally Hughes v. Massey, 65 S.W.3d 743, 746 (Tex.
App.--Beaumont 2001, no pet.) (Dismissal for failure to comply with procedural rules
governing inmate litigation should be without prejudice.). We therefore reform the order to
provide the petition is denied without prejudice, and the order is affirmed as reformed.

 AFFIRMED AS REFORMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on September 12, 2006

Opinion Delivered November 22, 2006


Before McKeithen, C.J., Gaultney and Horton, J.J.
1. Attached to a letter Gross sent to this Court are the following: a docket sheet
showing bond was set in the aggravated robbery on February 27, 1997, an unreturned capias,
and the aggravated robbery indictment. Also attached to Gross's appellate brief is a
document he identifies as the Texas Department of Criminal Justice inmate detainer record
on him. These documents are not in the clerk's record, and apparently they were not before
the trial court at the time of the order denying the expunction.