

# NUMBER 13-12-00177-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TEXAS DEPARTMENT OF PUBLIC SAFETY,                    Appellant,

v.

GEORGE BLANCAS,                                       Appellee.

## On appeal from the 389th District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Garza and Vela
## Memorandum Opinion by Justice Garza

In this restricted appeal, the Texas Department of Public Safety (DPS) appeals from the trial court's order expunging a misdemeanor charge for driving while intoxicated (DWI) against appellee, George Blancas. DPS contends: (1) that appellee was not entitled to an expunction of records related to his arrest for DWI because he

served a term of probation for the DWI offense; and (2) in the alternative, because there is no reporter's record of the expunction hearing, the trial court's order should be reversed and remanded for a new trial.[1]   Because the trial court erred in granting appellee an expunction for his DWI charge, we reverse the judgment of the trial court and render judgment denying appellee's request for an expunction with regard to the DWI.

## I. BACKGROUND

Appellee was arrested for DWI in 2001.  On February 14, 2002, he pleaded guilty and was placed on community supervision for 180 days.  On July 27, 2011, appellee filed a petition for expunction.[2]   On September 12, 2011, DPS filed an answer, in which it asserted that appellee was not entitled to an expunction because he had served community supervision for the offense that he sought to expunge.  DPS attached to its answer copies of:  (1) the 2001 DWI complaint; (2) the DWI judgment showing that appellee pleaded guilty, was assessed a fine and a thirty-day sentence, which was suspended, and appellee was placed on community supervision for 180 days; (3) appellee's motion for termination of his community supervision; and (4) an August 26, 2002 order from the trial court stating that appellee's period of community supervision has expired and that he satisfactorily fulfilled the conditions of community supervision. On September 13, 2011—the day after DPS filed its answer—the trial court granted appellee's expunction.  This restricted appeal followed.

---

[1] Appellee has not filed a brief to assist us in the disposition of this appeal.

[2] We note that the clerk's record contains an "Order Setting Hearing Date," dated July 27, 2010. Assuming that "2010" is a typographical error, the order setting hearing was signed the same day appellee's petition was filed.  The order recites, however, that appellee's petition was filed July 27, 2011, "that more than 30 days have passed since the filing of said petition, and that said petition should be heard."  The order sets a hearing date of September 13, 2011, the day the trial court granted the expunction.  We do not have a record of the hearing before us.

## II. Standard of Review and Applicable Law

An appellate court reviews a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Ex parte Guajardo*, 70 S.W.3d 202, 204 (Tex. App.—San Antonio 2001, no pet.). To successfully attack an order for expunction of records relating to an arrest by restricted appeal, DPS must show that: (1) it was a party to the expunction suit; (2) it was served with a copy of the petition for expunction and filed a written response, but it did not participate either in person or through counsel in the hearing that resulted in the judgment;[3] (3) it filed its notice of appeal within the six-month deadline; and (4) the face of record establishes that the arrestee was not entitled to expunction. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Tex. Dep't of Pub. Safety v. Jacobs*, 250 S.W.3d 209, 210 (Tex. App.—Dallas 2008, no pet.). Because it is clear from the record that DPS meets the first three of these requirements, we consider only whether the face of the record establishes that appellee was not entitled to an expunction of the charge in question.

## III. Discussion

DPS contends the trial court erred in granting appellee an expunction of his DWI charge because appellee pleaded guilty and served court-ordered community supervision as a result of his arrest for DWI. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2011). The expunction statute was enacted by the legislature to allow the expunction of wrongful arrest records. *Harris County Dist. Attorney's Office v. D.W.B.*, 860 S.W.2d 719, 721 (Tex. App.—Houston [1st Dist. 1993, no pet.) (citing *Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991)). "It

---

[3] DPS did not appear at the hearing. DPS notes that it requested a reporter's record of the expunction hearing, but was advised by the trial court's court reporter that no record of the hearing was made.

was not 'intended to allow a person who is arrested, pleads guilty to an offense, and receives probation pursuant to a guilty plea to expunge arrest and court records concerning that offense.'" *Id.* (quoting *Tex. Dep't of Public Safety v. Failla*, 619 S.W.2d 215, 217 (Tex. App.—Texarkana 1981, no writ)); *see also Smith v. State*, No. 09-09-00159-CV, 2009 Tex. App. LEXIS 4237, at *3 (Tex. App.—Beaumont May 27, 2009, no pet.) (mem. op.); *Ex parte Hampton*, No. 05-07-00523-CV, 2008 Tex. App. LEXIS 2142, at **2–3 (Tex. App.—Dallas March 26, 2008, pet. denied) (mem. op.).

A review of the record before us establishes that appellee was charged with and entered a plea of guilty to DWI. The trial court subsequently found him guilty and placed him on community supervision for a period of 180 days. Because appellee's DWI charge resulted in a final conviction, he does not meet all of the statutory requirements for an expunction of this charge under article 55.01. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01.[4]. Therefore, DPS has shown that the face of the record established that appellee was not entitled to expunction. *See D.W.B.*, 860 S.W.2d at 721. We conclude the trial court abused its discretion in ordering the expunction.

### III. CONCLUSION

Because appellee failed to prove that he satisfied the conditions imposed by article 55.01, we reverse the judgment of the trial court and render judgment denying

---

[4] Among other requirements, article 55.01 provides:

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . . .

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, . . . .

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2).

4

appellee's petition for expunction on the DWI offense.  *See D.W.B*, 860 S.W.2d at 721; *Tex. Dep't of Pub. Safety v. Olivares*, No. 13-06-035-CV, 2007 Tex. App. LEXIS 5904, at *12 n.3 (Tex. App.—Corpus Christi July 26, 2007, no pet.) (explaining that appellee's final conviction and twelve months on probation for DWI prevented expunction on the charge).

DORI CONTRERAS GARZA
Justice

Delivered and filed the
16th day of August, 2012.