Opinion filed April 16, 2015



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00128-CV

_____

## EX PARTE BILLY WAYNE WILLIAMS

**On Appeal from the 32nd District Court**
**Mitchell County, Texas**
**Trial Court Cause No. 15,775**

## MEMORANDUM OPINION

Billy Wayne Williams, Appellant, appeals the trial court's dismissal of his petition for expunction for want of prosecution. Appellant claims in two issues that he should have been allowed to appear at or participate in the hearing on the proposed dismissal and that the trial court should have reinstated the case following dismissal. We reverse and remand.

### I. *Procedural History*

At the outset, we note that the State has conceded error concerning Appellant's nonparticipation in the hearing. Nevertheless, that concession is not

conclusive on appeal. *Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002); *Isham v. State*, 258 S.W.3d 244, 248 (Tex. App.—Eastland 2008, pet. ref'd). We must conduct an independent examination of the merits of Appellant's claim. *Isham*, 258 S.W.3d at 248.

Appellant filed a petition in which he asked the trial court to expunge records of an arrest for the felony offense of escape, as presented in the indictment in Cause No. 4197 in the 32nd District Court of Mitchell County, Texas. Appellant asserted that the indictment had been dismissed and that he was entitled to an expunction. The trial court set a hearing and notified Appellant of the hearing date. Appellant, who was incarcerated, moved for a writ of habeas corpus and a bench warrant so that he could attend the hearing. Alternatively, Appellant requested that the trial court allow him to appear at the hearing via affidavit, deposition, telephone, or teleconference. The trial court did not rule on his request for the writ or bench warrant and did not issue a bench warrant or otherwise permit Appellant to participate in the hearing. On the day of the hearing, the trial court called the case for hearing. When no one appeared for the hearing, the trial court entered an order in which it dismissed the case for want of prosecution.

## II. *Analysis*

Appellant argues that the trial court erred when it failed to allow him to appear in person or participate at the hearing and when it dismissed the case for want of prosecution and refused to reinstate it. The right to expunction is statutory; courts have no equitable power to expunge records. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2014); *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). A statutory expunction proceeding is civil rather than criminal in nature, and the petitioner must prove that all statutory requirements have been satisfied. *Ex parte Cephus*, 410 S.W.3d 416, 418 (Tex. App.—Houston [14th Dist.] 2013, no pet.). We review the ruling of a

2

trial court on a petition for expunction under an abuse-of-discretion standard. *Ex parte Reed*, 343 S.W.3d 306, 308 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Rodriguez v. State*, 224 S.W.3d 783, 784 (Tex. App.—Eastland 2007, no pet.); *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied).

The Texas Code of Criminal Procedure provides that the trial court shall set a hearing on an expunction petition and give reasonable notice of the hearing to each official or agency or other governmental entity named in the petition. *See* CRIM. PROC. art. 55.02, § 2(c). A trial court may rule on an expunction petition without conducting a formal hearing and without the consideration of live testimony if the court has at its disposal all the information it needs to resolve the issues raised by the petition. *Ex parte Wilson*, 224 S.W.3d 860, 863 (Tex. App.—Texarkana 2007, no pet.). A prisoner does not lose his access to the courts as a result of his incarcerated status, but he does not have an absolute right to personally appear. *Hudson v. Palmer*, 468 U.S. 517, 523 (1984); *Ex parte Guajardo*, 70 S.W.3d 202, 205 (Tex. App.—San Antonio 2001, no pet.). The trial court must balance the government's interest in protecting the integrity of the correctional system against the prisoner's right of access to the courts. *Guajardo*, 70 S.W.3d at 206. A key factor is whether the prisoner is represented by counsel. *Heine*, 92 S.W.3d at 649–50 (citing *Jones v. Jones*, 64 S.W.3d 206, 210 (Tex. App.—El Paso 2001, no pet.), and *Dodd v. Dodd*, 17 S.W.3d 714, 717 (Tex. App.—Houston [1st Dist.] 2000, no pet.)). As we do in our consideration of a trial court's ruling on the actual petition, we review for an abuse of discretion the trial court's decision on Appellant's request for a bench warrant and his request to participate in the hearing by other means. *Heine*, 92 S.W.3d at 650; *Guajardo*, 70 S.W.3d at 206–07.

After our independent review, we agree with Appellant and the State that the trial court thereby abused its discretion. We sustain Appellant's first issue. *Guajardo*, 70 S.W.3d at 206–07. In light of our decision on Appellant's first issue, we need not address his remaining issue.

### III. *This Court's Ruling*

We reverse the order of the trial court, and we remand the cause to the trial court for further proceedings consistent with this opinion.


MIKE WILLSON

JUSTICE


April 16, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.