Kip KENDALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–97–01485–CV.

Court of Appeals of Texas,
Dallas.

Nov. 30, 1998.

Kip Kendall, Dallas, pro se.

April E. Smith, Dist. Atty., Charles R. Maddox, Atty. Gen., Dallas, for Appellee.

Before Justices KINKEADE, WRIGHT, and BRIDGES.

## OPINION

CAROLYN WRIGHT, Justice.

The Court's opinion of September 28, 1998 is withdrawn. The following is now the opinion of the Court.

Kip Kendall appeals the order denying expunction of the records of appellant's arrest for (1) tampering with a governmental record (trial court cause number F95–40992–Q) and (2) unlawful possession of a firearm by a felon (trial court cause number F95–40993–Q). In two points of error, appellant contends that the trial court erred by failing to expunge his arrest record because (1) the indictments were dismissed as a result of the trial court's granting of a motion to suppress evidence, and (2) the indictment is void in the tampering with a governmental record case. We overrule appellant's points of error and affirm the trial court's judgment.

### Factual and Procedural Background

Appellant was stopped by Officer David Rigney of the Rowlett Police Department on an outstanding warrant. Appellant was placed under arrest and later charged with four separate offenses: tampering with an ID; possession of marijuana; tampering with a governmental record; and unlawful possession of a firearm by a felon. A few months later, the trial court granted appellant's motion to suppress all evidence "obtained subsequent to the initial impound." As a result, the State filed a motion to dismiss the charges against appellant which the trial court granted.

Appellant then filed a petition to expunge the records of his arrest. The trial court granted appellant's request to expunge the records in the two misdemeanor cases—tampering with an ID and possession of marijuana. However, the trial court denied appellant's request to expunge the records in the two felony cases—tampering with a governmental record and unlawful possession of a firearm by a felon. Appellant appeals the trial court's failure to expunge the arrest records in the two felony cases.

### Discussion

■ The petitioner in an expunction proceeding has the burden of proving compliance with the statutory conditions. *Herron v. State*, 821 S.W.2d 329, 330 (Tex. App.—Dallas 1991, no writ). The right to expunction is available only when all of the statutory conditions have been met. *Id.*

Article 55.01 of the Texas Code of Criminal Procedure provides, in relevant part, that a person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

(A) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) he has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered probation under Article 42.12, Code of Criminal Procedure, nor a conditional discharge under Section 481.109, Health and Safety Code; and

(C) he has not been convicted of a felony in the five years preceding the date of the arrest.

Tex.Code Crim. Proc. Ann. art. 55.01(a)(2) (Vernon Supp.1998).

In point of error one, appellant contends the trial court erred by denying his petition for expunction in both felony cases because the State's dismissal of the indictments following the trial court's granting of the motion to suppress evidence meets the statutory requirements for expunction.

In support of this contention, appellant relies solely on the orders dismissing the two felony cases.

■ A finding that the presentment of the indictment was made because of false information or mistake requires proof that the grand jury based its decision on erroneous facts. *State v. Sink*, 685 S.W.2d 403, 405 (Tex.App.—Dallas 1985, no writ). Likewise, any "other similar reason" must establish that the grand jury acted on incorrect facts. *Id.* Following the granting of a motion to suppress, the State may move to dismiss the case because it no longer has sufficient evidence to prove its case. However, such a dismissal is not necessarily because the evidence before the grand jury was erroneous or incorrect. *See id.* (trial court's subsequent finding that complaining witness was incompetent to testify did not prove grand jury acted on erroneous information, only that evidence may have been insufficient); *Ex parte Kilberg*, 802 S.W.2d 17, 19 (Tex. App.—El Paso 1990, no writ) (motion to suppress evidence granted because of an illegal search and seizure does not vitiate probable cause to believe that a defendant is guilty of an alleged offense).

■ It was appellant's burden to affirmatively show that a mistake, false information, or other similar reason caused the presentment of the indictment and that, in turn, caused the dismissal. The dismissal order indicates that (1) on November 17, 1995, a suppression hearing was conducted and the trial court determined that all evidence obtained subsequent to the initial impound is inadmissible, and (2) "absent th[e] suppressed evidence, the State will be unable to present a prima facie case." Our record does not contain the reporter's record from the suppression hearing. Thus, appellant has shown only that the evidence before the grand jury was inadmissible at trial. Nothing in the dismissal order indicates that the evidence before the grand jury was erroneous, incorrect, or that the indictment was dismissed because there was no probable cause to believe appellant had committed the offense.

Consequently, appellant failed to meet his burden, as petitioner, to show that all of the statutory requirements had been met. We overrule point of error one.

In point of error two, appellant contends that the trial court erred by denying his petition for expunction in the tampering with a governmental record case because the indictment is void. According to appellant, the factual allegations contained in the indictment do not constitute an offense under sections 37.01 and 37.10 of the penal code.

In the indictment, the State alleged that appellant knowingly made:

a false entry in a governmental record, namely, a DRIVERS LICENSE, by making the drivers license on a computer, and the said defendant did thereby intend to defraud and harm another, and further, said defendant did then and there intentionally and knowingly make, present and use a governmental record, namely, a DRIVERS LICENSE, with knowledge of its falsity, and the said defendant did thereby intend to defraud and harm another.

■ An indictment is sufficient under the Texas Constitution if it accuses the defendant with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if it is otherwise defective. *Duron v. State*, 956 S.W.2d 547, 550 (Tex.Crim.App. 1997). All that is necessary is that the indictment "charge an offense" even if, as appellant alleges in this case, the indictment includes factual allegations that arguably evidence appellant's innocence. *Id.* at 551. Here, the indictment clearly shows that the State accused appellant of tampering with a governmental record. *See* TEX. PENAL CODE ANN. § 37.10(a) (Vernon 1994 & Supp.1998). The indictment tracks the language of the applicable statute. *See State v. Mays*, 967 S.W.2d 404, 406 (Tex.Crim.App.1998) (subject to rare exceptions, an indictment tracking the language of the statute will satisfy constitutional and statutory requirements). Thus,

we conclude the indictment is not void. We overrule point of error two.

Accordingly, we affirm the trial court's order denying appellant's petition for expunction.