Leslie James **BARKER**, Appellant,

v.

**The STATE of Texas, State.**

**No. 2–01–214–CV.**

Court of Appeals of Texas,
Fort Worth.

Aug. 30, 2002.

Jerry Parr, Lewisville, for Appellant.

Bruce Isaacks, Criminal District Attorney; Catherine Luft and William Schultz, Assistant District Attorneys, Denton; and Matthew Paul, State Prosecuting Attorney, Austin, for The State.

PANEL A: DAY and GARDNER, JJ.; and WILLIAM BRIGHAM, J. (Senior Justice, Retired, Sitting by Assignment).

## OPINION

ANNE GARDNER, Justice.

### I. INTRODUCTION

This is an appeal from a judgment denying a petition for expunction of records pertaining to an arrest for attempted sexual assault. In one point, Appellant Leslie James Barker contends the trial court erred by finding the indictment against him was not the result of mistake, false information, or other similar reason indicating a lack of probable cause at the time the indictment was dismissed. We affirm.

### II. FACTUAL AND PROCEDURAL HISTORY

On December 8, 1998, Appellant was arrested by the Flower Mound Police Department for attempted sexual assault. On March 11, 1999, Appellant was indicted and, three months later, received a jury trial. The trial resulted in a hung jury, for which the trial court granted a mistrial. The Denton County District Attorney filed a motion to dismiss the indictment based upon the unwillingness of the complaining witness, Becky Anderson, to testify at a second trial. The motion to dismiss was granted.

Appellant thereafter filed a petition to expunge the records of the charges against him. On April 19, 2001, an expunction hearing was held, at which only Appellant and his wife testified. Appellant appeals

from the trial court's denial of his petition for expunction.

## III. DISCUSSION

In his sole point, Appellant contends that the evidence is factually insufficient to support the trial court's finding of fact number four, that the indictment was not dismissed due to a lack of probable cause for the presentment of the indictment. A careful examination of the record reveals the evidence is factually sufficient to support the trial court's finding.

### A. Applicable Law

Article 55.01 of the Texas Code of Criminal Procedure governs expunction. At the time Appellant's petition was filed, the statute provided that a person arrested for a felony is entitled to have all records and, in part, files related to the arrest expunged if he has been acquitted, convicted, and subsequently pardoned, or if each of the following requirements is met:

(A) ... if an indictment ... charging the person with commission of a felony was presented, the indictment ... has been dismissed or quashed, and

(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

(ii) the court finds that the indictment ... was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12;

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2) (Vernon Supp.2002).

 The purpose of the expunction statute is to allow an individual who has been wrongfully arrested to expunge the records of that arrest. *Carson v. State*, 65 S.W.3d 774, 780 (Tex.App.-Fort Worth 2001, no pet.); *Ex parte Myers*, 24 S.W.3d 477, 480 (Tex.App.-Texarkana 2000, no pet.). The right to expunction is not based in common law; rather, it is a statutory privilege granted by the legislature. *State v. Herron*, 53 S.W.3d 843, 846 (Tex.App.-Fort Worth 2001, no pet.); *Myers*, 24 S.W.3d at 480. An individual is entitled to an expunction only when each of the statutory requirements have been met. *Quertermous v. State*, 52 S.W.3d 862, 863 (Tex. App.-Fort Worth 2001, no pet.).

### B. Standard of Review

 An expunction proceeding is civil in nature. *Herron*, 53 S.W.3d at 846–47. The plaintiff seeking expunction bears the burden of proving compliance with the statute. *Id.; see Tex. Dep't of Pub. Safety v. Six*, 25 S.W.3d 368, 369 (Tex.App.-Fort Worth 2000, no pet.) (recognizing "[a]ppellee had the burden of proving his entitlement to expunction").

When a party attacks the factual sufficiency of an adverse finding on an issue on which he has the burden of proof, he must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex.2001); *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex.1983). We must consider and weigh all of the evidence and can set aside a verdict only if the finding is so against the great weight and preponderance of the evidence that it is clearly

wrong and unjust. *Dow Chem. Co.*, 46 S.W.3d at 242; *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986).

In reviewing a point asserting that a finding is against the great weight and preponderance of the evidence, we must consider and weigh all of the evidence, both the evidence that tends to prove the existence of a vital fact as well as evidence that tends to disprove its existence. *Ames v. Ames*, 776 S.W.2d 154, 158–59 (Tex. 1989), *cert. denied*, 494 U.S. 1080, 110 S.Ct. 1809, 108 L.Ed.2d 939 (1990); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

## C. Relevant Facts and Application of Law

Because the burden was on Appellant to prove compliance with the statutory conditions for expunction, it was his burden to prove his contention that the indictment was dismissed "because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense." TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii). Appellant's argument is that the indictment was based on a false accusation, indicating absence of probable cause, and that the evidence to that effect was uncontradicted at the hearing. He contends the trial court's finding that the indictment was not dismissed because of lack of probable cause is, therefore, against the great weight and preponderance of the evidence.

At the expunction hearing, only Appellant and his wife, Doris Barker, testified. Appellant denied forcing Anderson to have sex with him. Appellant testified that Anderson brought some paperwork to his home on December 8, 1998, at 3:30 p.m. According to Appellant's testimony, while Anderson was visiting the home, she grabbed Appellant's bottom. Anderson went into the master bedroom with Appellant to see Christmas presents he pur-

chased his two daughters. Because his daughters wanted to enter the master bathroom, Appellant locked the door.

Appellant testified that nothing happened between himself and Anderson while they were in the master bathroom. When asked whether Anderson's accusation that Appellant placed his hand under her shirt and in her pants was false, Appellant replied, "Yes, it was false." Doris Barker testified at the hearing that Anderson was an employee at her beauty salon. Doris further testified that she had known Anderson for a year and, in her opinion, Anderson was not a truthful person. Doris also testified that Anderson continued to work at the salon until December 22, 1998, despite Anderson's claim that she quit on December 9, 1998. After Doris testified, Appellant rested.

The trial court had before it the motion to dismiss after the first trial, stating that prosecutors had made "numerous attempts to get in contact with complainant. We have called her 8 times .... Without the help of the complainant the State cannot go forth with its case." Without objection, the prosecutor clarified the copy of the motion to dismiss before the court, stating that the dismissal motion was not made "for lack of probable cause, but it was a victim who was not cooperating to come to court." Further, the court was aware that the complainant testified at the earlier trial, which had resulted in a hung jury and mistrial.

■ A motion by the State to dismiss because of inability to locate the complainant is not evidence that presentment of the indictment was based on mistake, false information, or other reason indicating lack of probable cause. *See Tex. Dep't of Pub. Safety v. Mendoza*, 952 S.W.2d 560, 563 (Tex.App.-San Antonio 1997, no writ) (holding motion to dismiss based on inabili-

ty to locate witness did not constitute evidence of reason indicating lack of probable cause to indict); *Harris County Dist. Attorney's Office v. Hopson*, 880 S.W.2d 1, 4–5 (Tex.App.-Houston [14th Dist.] 1994, no writ) (stating dismissal based on insufficient evidence at time of presentment did not fit requirement of a presentment based on false information, mistake, or other reason indicating lack of probable cause); *State v. Sink*, 685 S.W.2d 403, 406 (Tex. App.-Dallas 1985, no writ) (stating incompetency of child victim as witness did not prove lack of probable cause for indictment).

The trial court could reasonably have concluded that the complainant testified against Appellant in the first trial and simply did not want to testify a second time. The trial court could also simply have disbelieved the testimony of Appellant and his wife, who were both interested witnesses. *See Ex Parte Thomas*, 34 S.W.3d 645, 649 (Tex.App.-Waco 2000, pet. denied); *Harris County Dist. Attorney v. Small*, 920 S.W.2d 740, 743 (Tex.App.-Houston [1st Dist.] 1996, no pet.) (stating that in a bench trial on an expunction petition, the trial judge is the exclusive judge of the credibility of the witnesses and may accept or reject, in whole or in part, the testimony of any witness).

 Insufficient evidence cannot be the basis of an expunction. *Hopson*, 880 S.W.2d at 4–5. In order for expunction to lie, the evidence must be *erroneous*. *Sink*, 685 S.W.2d at 405–06. After reviewing the record, we hold the trial court's finding that the indictment was not dismissed due to lack of probable cause is not against the great weight and preponderance of the evidence. *See Thomas*, 34 S.W.3d at 648–49 (noting trial court's finding not against great weight and preponderance of evidence despite conflicting testimony). There was no evidence as to what evidence

was presented to the grand jury. There was no evidence that, at the time of the presentment, Anderson made a false accusation. There was no evidence that the prosecutor sought to dismiss for any reason other than the complainant's lack of cooperation.

The complainant's lack of cooperation is indistinguishable from an inability to locate a complainant. Either ground for dismissal goes to the insufficiency of the evidence to convict and not to whether the presentment of the indictment was based upon mistake, false information, or other reason indicating lack of probable cause. *See Mendoza*, 952 S.W.2d at 563. Because the trial court's finding was not against the great weight and preponderance of the evidence, we overrule Appellant's sole point.

## IV. CONCLUSION

Having overruled Appellant's point on appeal, we affirm the trial court's judgment.