MEMORANDUM OPINION

No. 04-05-00247-CV

TEXAS DEPARTMENT OF PUBLIC SAFETY,

Appellant

v.

Maria G. ALBA-SANCHEZ,

Appellee

From the County Court at Law Number 2, Webb County, Texas 

Trial Court No. 2004-CVQ-001856-C3

Honorable Jesus Garza, Judge Presiding




Opinion by: Sarah B. Duncan , Justice



Sitting: Sarah B. Duncan, Justice

 Phylis J. Speedlin, Justice

 Rebecca Simmons, Justice



Delivered and Filed: June 7, 2006 



REVERSED AND RENDERED

 The Texas Department of Public Safety appeals the trial court's order granting Maria Alba-Sanchez's petition for
expunction of criminal records relating to her arrest for assault. We reverse and render. 

 Alba-Sanchez filed a petition pursuant to Chapter 55 of the Texas Code of Criminal Procedure seeking expunction of all
records arising out of her December 2002 arrest for assault. The Texas Department of Public Safety timely filed a general
denial. The Department also affirmatively pleaded that Alba-Sanchez is not entitled to an expunction because the arrest
resulted in an information charging Alba-Sanchez with a Class A misdemeanor, upon which the trial court deferred
adjudication and placed Alba-Sanchez on community supervision. See Tex. Code Crim. Proc. Ann. art. 55.01(a)(2) (Vernon
Supp. 2005) (right to expunction only if "there was no court ordered community supervision under Article 42.12 for any
offense other than a Class C misdemeanor");Houston Police Dep't. v. Berkowitz, 95 S.W.3d 457, 461 (Tex. App.-Houston
[1st Dist.] 2002, pet. denied) (holding that "misdemeanor deferred adjudication constitutes 'court-ordered community
supervision' under article 42.12 for purposes of the expunction statute, and renders defendants ineligible for expunction of
arrest records").

 Alba-Sanchez did not produce any evidence at the hearing on her petition and the Department argues she therefore failed to
meet her burden to establish she is entitled to an expunction order. (1) We agree. " The petitioner in an expunction
proceeding has the burden of proving compliance with the statutory conditions. The right to expunction is available only
when all of the statutory conditions have been met." Kendall v. State, 997 S.W.2d 630, 631 (Tex. App.-Dallas 1998, pet.
denied) (citations omitted).

 Because there is no evidence to support the expunction order, we reverse the trial court's judgment and render judgment
denying expunction. See Ex parte Elliot, 815 S.W.2d 251, 252 (Tex. 1991).

 Sarah B. Duncan , Justice



 

1. Alba-Sanchez did not file an appellee's brief.