# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00196-CV

### T. L. B., Jr, Appellant

### v.

### Texas Department of Public Safety and Caldwell County District Attorney, Appellees

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT
### NO. 09-O-396, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant T.L.B., Jr. filed a petition seeking the expunction of records relating to his arrest and indictment for the crimes of aggravated sexual assault and burglary of a habitation. Appellees, the Texas Department of Public Safety and the Caldwell County District Attorney (collectively "the State"), opposed the petition. After hearing evidence, the trial court denied T.L.B.'s expunction request. In a single issue, T.L.B. asserts that the trial court erred in denying his petition because he conclusively established his right to expunction under the statute. We will affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

T.L.B. was indicted for burglary of a habitation, *see* Tex. Penal Code Ann. § 30.02 (West 2003), and aggravated sexual assault, *see id.* § 22.021 (West Supp. 2010). The alleged victim was an elderly woman, the mother of T.L.B.'s long-time girlfriend. After the alleged assault, the

victim underwent an examination by a sexual-assault nurse examiner, who collected physical evidence. The nurse's report noted a scratch to the victim's nose, a scratch on the top portion of the victim's genital area, and red bruising on the inner portion of the genitals. The nurse noted that the victim's injuries were likely the result of the "patient scratching herself to relieve vaginal itching." The report also indicated, however, that the victim's behavior after the alleged assault was consistent with that of someone having been sexually assaulted. The state crime lab report on the physical evidence, received some months after T.L.B. was indicted, showed that no semen or DNA from foreign sources was present in the samples.

T.L.B. pleaded not guilty to the charges and requested a jury trial. Shortly before the trial date, the victim died of natural causes. After her death, the State dismissed the charges against T.L.B. because, it admitted, the victim's testimony was its only evidence. T.L.B. then filed this suit seeking to have the records from his arrest and indictment expunged. At the hearing on the motion, the Comal County District Attorney testified: "The reason I dismissed the case was that the victim died, and that was it. . . . [I]f [the victim] was alive and a competent witness, we would have gone forward and tried the case." T.L.B. denied committing the crime and testified that he had an alibi for the relevant time period. He also highlighted the lack of other evidence against him. The trial court denied T.L.B.'s request for expunction. T.L.B. perfected this appeal.

**STANDARD OF REVIEW**

In his sole issue, T.L.B. asserts that the trial court erred in denying his petition for expunction because "the evidence is legally sufficient to find by [a] preponderance of the evidence supporting an order of expunction." Liberally construing T.L.B.'s argument, we read it as an

2

assertion that the trial court abused its discretion in denying his petition because he conclusively proved each of the required statutory elements. "A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence." *W.H.V., Inc. v. Associates Hous. Fin., LLC*, 43 S.W.3d 83, 87 (Tex. App.—Dallas 2001, pet. denied).

We review a trial court's ruling on a petition for expunction for an abuse of discretion. *Texas Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 679 (Tex. App.—Austin 2010, no pet.). A court has abused its discretion if it "acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable." *American Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (per curiam). As discussed in more detail below, T.L.B.'s argument turns partly on an interpretation of the expunction statute. In interpreting any statute, our review is de novo because a "trial court has no discretion in determining what the law is or applying the law to the facts." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

We interpret statutes to effectuate the legislature's intent. *Mid-Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). We look to the plain meaning of the language that the legislature chose and construe the statute as a whole, giving effect to every part but avoiding a construction that would lead to absurd results. *FKM P'ship, Ltd. v. Board of Regents of Univ. of Houston Sys.*, 255 S.W.3d 619, 633 (Tex. 2008). We may consider the object of the statute, legislative history, and the consequences of a proposed construction. Tex. Gov't Code Ann. § 311.023(1), (3), (5) (West 2005).

3

**DISCUSSION**

Article 55.01(a) of the code of criminal procedure sets out the requirements for expunction. *Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 648 (Tex. App.—Austin 2002, pet. denied). Expunction is neither a constitutional nor common-law right; rather, it is a statutory privilege. *Ex Parte S.C.*, 305 S.W.3d 258, 260 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Thus, "all the statutory provisions are mandatory and exclusive, and a person is entitled to expunction only when all of the statutory conditions have been met." *Thomas v. State*, 916 S.W.2d 540, 543 (Tex. App.—Waco 1995, no writ). However, "[i]f a petitioner demonstrates that he has satisfied each of the requirements under this provision, the trial court does not have any discretion to deny the request for an expunction; the court must grant the request." *Heine*, 92 S.W.2d at 648.

Article 55.01(a) states, in relevant part:

(a)    A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . . .

    (2)    each of the following conditions exist:

        (A)    . . . if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

            . . . .

            (ii)    the court finds that the indictment or information was dismissed or quashed . . . because the presentment had been made because of mistake, false information, or

4

other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B)    the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor; and

(C)    the person has not been convicted of a felony in the five years preceding the date of the arrest.

Tex. Code Crim. Proc. Ann. art. 55.01 (West Supp. 2010).

There is no dispute that T.L.B. met the requirements of subparagraphs (B) and (C). At issue here is whether T.L.B. conclusively satisfied the requirements of subparagraph (A) by proving that the indictment against him was dismissed "because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense." *See id.* art. 55.01(a)(2)(A)(ii).[1]

T.L.B. argues that, at the time of the dismissal, the state lacked probable cause to indict him because the prosecution's only witness was dead and no other evidence linked him to the alleged crime. Specifically, T.L.B. asserts that

[s]ince the finding by the grand jury of probable cause in September 2008, the prosecutor learned that there was no evidence from the [nurse examiner's] report to connect appellant to the crime. In addition, the prosecutor learned that there were alibi witnesses to testify at the time of dismissal based on the subpoena list filed prior

---

[1] T.L.B. sought expunction only under article 55.01(a)(2)(A)(ii).

5

to the date of dismissal.  Finally, the lack of DNA evidence clearly posed a problem with finding probable cause at the time of the dismissal.

Thus, T.L.B. argues, "he has met his burden to prove compliance with the statute."

We disagree.  T.L.B.'s argument misunderstands the expunction statute's use of the phrase "absence of probable cause at the time of the dismissal to believe the person committed the offense."  Contrary to T.L.B.'s assertion, the relevant inquiry is not whether the evidence available to the prosecutor at the time of the dismissal would support a finding of probable cause if presented anew to the grand jury at that time.  Rather, the statute requires proof that the *original presentment* of the indictment was made because of mistake, false information, or other reason that would, at the time of the dismissal, indicate a lack of probable cause to believe the person committed the offense.  *Id.*  In other words, to be entitled to expunction, the petitioner's evidence must show that the grand jury's indictment was erroneous because of mistake, false information, or other reason which may have been revealed only with the benefit of hindsight.

This interpretation accords with cases holding that the unavailability or incompetency of a key witness at the time of dismissal—although possibly the reason for the dismissal—is not evidence that the presentment was made due to false information, mistake or other reason indicating a lack of probable cause at the time of dismissal.  *See, e.g.*, *Barker v. State*, 84 S.W.3d 409, 412-13 (Tex. App.—Fort Worth 2002, no pet.) ("A motion by the State to dismiss because of inability to locate the complainant is not evidence that presentment of the indictment was based on mistake, false information, or other reason indicating lack of probable cause."); *Harris County Dist. Attorney's Office v. Hopson*, 880 S.W.2d 1, 4-5 (Tex. App.—Houston [14th Dist.] 1994, no writ)

(noting that failure of witness who identified alleged assailant before indictment to do so at trial did not indicate that presentment was made without probable cause). Dismissal based on "[i]nsufficient evidence [to obtain a conviction] cannot be the basis of an expunction." *Barker*, 84 S.W.3d at 413. Thus, a witness's unavailability for trial might make it impossible for the State to obtain a conviction, but that does not necessarily mean that the original presentment was made without probable cause. *Id.*

T.L.B. asserts that the present case is distinguishable from *Barker* and other unavailable-witness cases because here there was additional evidence that proves T.L.B. was wrongly arrested and charged—specifically, the nurse examiner's report indicating that an assault may not have occurred, the lack of DNA evidence and corroborating witness testimony, and the presence of an alibi witness. He asserts that "[t]he trial court should have relied on reasons beyond the prosecutor's motion to dismiss and considered all admissible evidence in determining the real reason for dismissal."

It is true that "[t]he expunction court may look at any admissible evidence to determine the State's true reason for dismissal." *See Hopson*, 880 S.W.2d at 3-4. Here, however, there is no evidence in the record to suggest that the dismissal itself was prompted by any reason other than the victim's death. Moreover, the indictment was based solely on the victim's accusation. Thus, to prove an absence of probable cause to believe T.L.B. committed the offense, T.L.B. needed to present evidence—and obtain a finding—that her accusation was a mistake, a fabrication, or was otherwise erroneous. Although he presented some evidence to that effect, it was not conclusive. The evidence he presented merely shows that the victim's testimony was uncorroborated and that a

7

reasonable inference could arguably be drawn that T.L.B. did not commit the offense. Although the lack of corroborating evidence may cast doubt on the victim's accusation, it does not amount to conclusive evidence that the victim's testimony, as presented to the grand jury, was so erroneous that it could not support a finding of probable cause. Consequently, the trial court did not abuse its discretion in finding that the indictment was not dismissed due to the presentment having been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe T.L.B. committed the offense. Accordingly, we hold that the trial court did not err in denying T.L.B.'s petition for expunction. We overrule T.L.B.'s issue.

## CONCLUSION

We affirm the trial court's judgment.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: January 20, 2011

8