

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-16-00365-CV

EX PARTE L.C.

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. D371-E-12323-16

----------

## MEMORANDUM OPINION[1]

----------

Appellant L.C. appeals from the trial court's order denying her petition to expunge her arrest records after the information charging her with assault was dismissed. *See* Tex. Code Crim. Proc. Ann. art. 55.02, § 3(a) (West Supp. 2016). She argues that because the information was dismissed based on her completion of an authorized pretrial-intervention program, the trial court was required to grant the expunction. Because we conclude that Appellant completed

---
[1]*See* Tex. R. App. P. 47.4.

an authorized pretrial-intervention program under the applicable statutes, we reverse the trial court's order denying her petition for expunction and remand to that court for further proceedings.

## I. BACKGROUND

Appellant was arrested on August 1, 2015, for the misdemeanor offense of assault involving family violence, and she was charged by information with that offense on August 19, 2015. In November 2015, the State and Appellant entered into a diversion memorandum of agreement (DMA) under which the State agreed to move to dismiss the information if Appellant successfully completed several bond conditions: (1) commit no new offense; (2) abstain from using drugs or alcohol; (3) report "as directed" to her case manager Jennifer Staples, an officer with Tarrant County's Community Supervision and Corrections Department (the department); (4) attend and complete a batterers-intervention program (the BIP); (5) maintain a weekly "learning log"; (6) pay a monthly supervisory fee of $60 to the department; (7) submit to urine testing at Staples's direction; (8) do not possess firearms; (9) do not have harmful or injurious contact with the complainant; and (10) obtain an affidavit of nonprosecution from the complainant. The trial court also signed the DMA. Appellant was not required to plead guilty in exchange for the agreement.

Appellant successfully completed all terms of the DMA, including completing the BIP on March 8, 2016. On March 14, 2016, the trial court granted the State's motion and dismissed the information based on Appellant's

2

successful completion of the DMA.  On June 3, 2016, Appellant filed a verified petition to expunge all records and files pertaining to her August 2015 arrest, arguing that she was entitled by statute to an expunction because she had successfully completed an authorized pretrial-intervention program.  *See id.* arts. 55.01(a)(2)(A)(ii), 55.02, § 2 (West Supp. 2016).  The State answered the petition and asserted that the DMA was not an authorized pretrial-intervention program, rendering her ineligible for expunction on that basis.  The State did not dispute that Appellant had successfully completed all terms of the DMA.

The trial court held a hearing on the petition on August 30, 2016.[2]  Debra Bezner, an employee of the Tarrant County Administrator's Office, testified that she is "the program manager for the domestic violence programs," including the BIP, which are all "county-based programs."[3]  The administrator's office contracts with the department for the department to administer the DMA programs, under the trial court's direction, such as monitoring attendance and collecting fees. Although the department "oversee[s]" the program, she testified that the trial court has the "ultimate . . . say-so."  In sum, the department is "contracted to perform certain functions" of the program "at the court's direction."  Bezner testified that programs ordered under a DMA are not the same as "traditional diversion programs" operated by the department, which are more "strict" than

---

[2]A visiting judge was assigned to hear the petition.

[3]Bezner was listed as the "Program Coordinator" on Appellant's DMA.

3

DMAs because they require "more supervision."[4]  No contradicting evidence to Bezner's testimony regarding the operation of the DMA was offered or admitted.

The trial court denied the petition, stating that the DMA was not a statutory, pretrial-intervention program.  The trial court based this conclusion on the fact that the department "does not operate the program"—"the Court seems to be operating the program with an employee of the county administrator's office heading the program"—and, therefore, the DMA did not "strictly" comply with the statute to qualify as an authorized pretrial-intervention program.  The trial court signed an order denying the petition on August 31, 2016, reflecting that "the credible evidence does not support granting the petitioner's request for an order of expunction."

Although Appellant filed a request for findings of fact and conclusions of law on September 20, 2016, and a timely notice of past due findings and conclusions on October 19, 2016, the trial court did not enter findings and conclusions.[5]  *See* Tex. R. Civ. P. 296–97.  Appellant does not complain about their omission on appeal.

---

[4]Bezner affirmed that the "main difference[s]" between a DMA and a "traditional" pretrial-intervention program are the length of supervision (twelve months in a traditional program versus four months in Appellant's DMA) and the frequency of required reporting to a supervision officer (weekly or twice a month in a traditional program versus monthly in Appellant's DMA).

[5]On August 31, 2016, but before she filed her request for findings and conclusions, Appellant filed objections to the State's proposed findings and conclusions; however, the State did not file proposed findings and conclusions with the trial court.

## II. EXPUNCTION BASED ON PRETRIAL-INTERVENTION PROGRAM

### A. STATUTORY REMEDY

Chapter 55 of the code of criminal procedure governs expunction of criminal records. An expunction, therefore, is exclusively a statutory remedy, not a constitutional or common-law right. *See Ex parte K.R.K.*, 446 S.W.3d 540, 543 (Tex. App.—San Antonio 2014, no pet.) (op. on reh'g). A petitioner under chapter 55 carries the burden to prove that she met "each and every statutory condition" placed on an expunction. *Id.*; *see Barker v. State*, 84 S.W.3d 409, 411 (Tex. App.—Fort Worth 2002, no pet.). Article 55.01(a)—the article Appellant sought expunction under—sets out the requirements for expunction by right; article 55.01(b) sets out the conditions for discretionary expunction. *See Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 648 (Tex. App.—Austin 2002, pet. denied). Therefore, if a petitioner seeking expunction under section 55.01(a) strictly meets the statutory requirements, the trial court is required to grant the petition. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a); *K.R.K.*, 446 S.W.3d at 543.

In this case, Appellant sought expunction based on her allegation that she successfully completed an authorized pretrial-intervention program, which resulted in the dismissal of the information. Indeed, article 55.01(a), as relevant here, provides that

> A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if . . . the

5

person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending . . . provided that . . . an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest[,] . . . if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code . . . .

Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii).[6] Section 76.011 provides that a department, established by each judicial district's district-court and statutory-county-court judges with criminal jurisdiction, "may operate programs for . . . the supervision and rehabilitation of persons in pretrial intervention programs."  Tex. Gov't Code Ann. § 76.011(a)(1) (West Supp. 2016); *see also id.* §§ 76.001(4), 76.002(a) (West Supp. 2016).  The programs may include "reasonable conditions related to the purpose of the program, including testing for controlled substances."  *Id.* § 76.011(b).

---

[6]Effective January 1, 2017, and September 1, 2017, the legislature amended article 55.01(a) in 2015 and 2017.  Because Appellant filed her expunction petition before these amendments were effective, our citations to the language of article 55.01(a) are to the version effective September 1, 2011.  *See* Act of May 27, 2011, 82d Leg., ch. 690, § 1, art. 55.01(a), 2011 Tex. Sess. Law Serv. 1651, 1652 (West) *and* Act of May 27, 2011, 82d Leg., ch. 894, § 1, art. 55.01(a), 2011 Tex. Sess. Law Serv. 2274, 2275 (West) (amended 2015 and 2017) (currently codified as Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii)(b)). We note, however, that the 2015 and 2017 amendments did not affect the substance of the language we interpret today regarding expunction based on the completion of a pretrial-intervention program.

## B. STANDARD OF REVIEW

Appellant and the State differ on which standard applies to our review of the trial court's denial: abuse of discretion, de novo, or sufficiency of the evidence. The State urges us to "reconsider whether an abuse of discretion standard applies to the review of *any* expunction judgment or whether a different standard should apply when the appellant is challenging the sufficiency of the evidence to support a trial court's judgment for an expunction sought under 55.01(a)." The State argues in its briefing that because Appellant challenges the legal sufficiency of the evidence to support the trial court's denial, we must affirm if the denial can be upheld on any legal theory that is supported by more than a scintilla of evidence. At oral argument, the State extended its position to urge a factual-sufficiency review of the trial court's ruling.

The State bases its argument on the fact that an expunction under article 55.01(a) is mandatory if the statutory requirements are met, while an expunction under article 55.01(b) is subject to the trial court's discretion. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a) (providing "[a] person is . . . *entitled* to have all records and filings relating to the arrest expunged if" she proves one of the statutory qualifiers (emphasis added)); *In re J.O.*, 353 S.W.3d 291, 293 (Tex. App.—El Paso 2011, no pet.) (holding trial court has no discretion but to grant petition if statutory requirements of article 55.01(a) are met); *cf.* Tex. Code Crim. Proc. Ann. art. 55.01(b) (providing a trial court "may" expunge arrest records if the requirements of article 55.01(b) are met). Appellant counters in her briefing

7

that because the issue she raises is primarily an issue of law—statutory interpretation—we should apply a de novo standard of review unless a factual dispute is implicated, which should be reviewed for an abuse of discretion. At oral argument, Appellant narrowed her argument and averred that her appeal solely involves a legal determination, which is exclusively governed by a de novo review.

In our view, Appellant's argument is correct based on the posture of this appeal. The primary question Appellant asks us to decide—what qualifies as an authorized pretrial-intervention program under article 55.01(a) and section 76.011—concerns the scope of those statutes and, thus, is an issue of statutory interpretation. *See Ex parte Scott*, 476 S.W.3d 93, 95 (Tex. App.—Houston [14th Dist.] 2015, no pet.). In fact, the tenor of Appellant's argument on appeal is not that the evidence was insufficient to support the trial court's ruling on her petition, but rather that the trial court "misapplied governing law" to undisputed facts.[7] This is a challenge to the trial court's determination of the scope and construction of article 55.01(a) and section 76.011—a determination that does not implicate the trial court's discretion—which we review de novo as a question of law. *See id*.; *Tex. Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 678 (Tex. App.—Austin 2010, no pet.) (op. on reh'g); *T.C.R. v. Bell Cty. Dist. Attorney's Office*,

---

[7]Appellant also argued in her reply brief that the "issue presented . . . is not specific to Appellant but all participating in the [DMA] Program . . . . The Court need only look at the agreement itself to decide whether it constitutes a pretrial intervention program under Section 76.011." This is not a sufficiency argument.

8

305 S.W.3d 661, 668–69 (Tex. App.—Austin 2009, no pet.); *cf. State v. N.R.J.*, 453 S.W.3d 76, 79, 86 (Tex. App.—Fort Worth 2014, pet. denied) (recognizing questions of law in article 55.01(a) expunction appeal reviewed de novo but concluding, based on State's abuse-of-discretion argument, that trial court abused its discretion by granting article 55.01(a) petition after appellant did not meet his burden to prove entitlement to remedy); *In re S.D.*, 349 S.W.3d 76, 79–80 (Tex. App.—El Paso 2010, no pet.) (disavowing abuse-of-discretion standard in review of expunction under article 55.01(a) and reviewing State's argument that no evidence showed appellant had met statutory requirements under traditional, legal-sufficiency standard); *Barker v. State*, 84 S.W.3d 409, 411–12 (Tex. App.—Fort Worth 2002, no pet.) (applying sufficiency standard in appeal challenging trial court's order denying expunction because appellant raised factual-sufficiency issue and conflicting factual evidence was admitted regarding whether appellant met his burden to meet each requirement of article 55.01(a)).

In some ways, this distinction in the context of this appeal is purely academic. If the trial court incorrectly construed the statute or incorrectly applied the law to the undisputed facts, it necessarily would constitute an abuse of discretion. *See N.R.J.,* 453 S.W.3d at 79; *T.C.R.*, 305 S.W.3d at 668–69 (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). In any event, because our determination of the applicable standard of review is based on the facts of this case and the specific issue raised by Appellant, we decline the State's invitation either to establish a bright-line rule or to overrule our prior

9

opinions reciting an abuse-of-discretion standard in the context of article 55.01(a).

## C. APPLICATION

The trial court determined that the scope of article 55.01(a) and section 76.011 did not include Appellant's DMA. As we previously recited, the successful completion of an authorized pretrial-intervention program absolutely entitles a petitioner to expunction of the records of her arrest. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii).

Section 76.011 states that a duly established[8] department may "operate programs for . . . the supervision and rehabilitation of persons in pretrial intervention programs," including "reasonable conditions related to the purpose of the program" such as drug testing. Tex. Gov't Code Ann. § 76.011(a)(1), (b). Pretrial-intervention programs as contemplated by article 55.01(a) and section 76.011 are "essentially unregulated by law," requiring by statute only department supervision for two years or less, "while providing virtually no regulatory restrictions." 43A George E. Dix & John M. Schmolesky, *Texas Practice Series: Criminal Practice & Procedure* § 47:1 (3d ed. 2011); *see* Tex. Gov't Code Ann. § 76.011(c). Thus, the court's involvement in a program or the source of its funding does not disqualify it as an authorized pretrial-intervention program under

---

[8]A department is properly established by each judicial district's district-court or statutory-county-court judges having criminal jurisdiction. *See* Tex. Gov't Code Ann. §§ 76.001(4), 76.002(a)(1).

10

the terms of the applicable statutes. Indeed, the statutes plainly contemplate that the department would operate programs for people who were placed in those programs by the establishing courts: "The department may operate programs for the supervision and rehabilitation of persons *in pretrial intervention programs.*" Tex. Gov't Code Ann. § 76.011(a)(1) (emphasis added). Bezner testified that although the county's administrator's office, acting under the court's authority, "contract[s]" for the department "to perform certain functions" of the DMA, the department actually supervises those placed in pretrial-intervention programs. We find no merit to the State's argument that pretrial-intervention programs must be "state-based"—not "local, community-based programs"—to qualify under the expunction statute. Indeed, the requirement that a program be "state-based" or anything other than a program for the supervision and rehabilitation of persons in pretrial-intervention programs is not in the text of the statutes at issue, which is our first and most important tool for statutory interpretation. *See T.C.R.*, 305 S.W.3d at 669. Further, the legislature contemplated that the costs to operate an authorized pretrial-intervention program would be incurred at the department or county level. *See* Tex. Code Crim. Proc. Ann. arts. 102.012–.0121 (West Supp. 2016).

At oral argument, the State asserted that the department's performance of certain functions of the DMA as a subcontractor did not satisfy the requirement in section 76.011 that it "operate programs for the supervision and rehabilitation of persons in pretrial intervention programs." Tex. Gov't Code Ann. § 76.011(a)(1).

11

That term—operate—is not explicitly defined in Chapter 76, but its ordinary or common meaning is "to perform a work or labor." *Operate*, Webster's Third New International Dictionary (3d ed. 2002); *see* Tex. Gov't Code Ann. § 312.002(a) (West 2013) (providing in interpreting civil statutes, "words shall be given their ordinary meaning"); *cf. Mount Pleasant ISD v. Estate of Lindburg*, 766 S.W.2d 208, 211 (Tex. 1989) (defining "operation" for purposes of governmental immunity as "a doing or performing of a practical work"). The undisputed evidence was that the department performed—operated—the supervisory functions for persons placed in pretrial-intervention programs. Section 76.011 requires nothing more, other than the limited duration of the supervision, to be considered an authorized pretrial-intervention program under article 55.01(a).

## III. CONCLUSION

We conclude that Appellant's DMA was an authorized pretrial-intervention program under article 55.01(a) and section 76.011 as a matter of law and that Appellant's successful completion of the DMA, which the State did not contest, entitled her to the expunction of her arrest records under article 55.01(a). The trial court erred to conclude otherwise. Therefore, we sustain Appellant's issue, reverse the trial court's order denying the petition, and remand the case to the trial court with instructions to grant Appellant's petition and to enter an order directing expunction. *See* Tex. Code Crim. Proc. Ann. art. 55.02, §§ 2(d), 3; Tex. R. App. P. 43.2(d), 43.3(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DELIVERED:  September 28, 2017