

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00102-CV

_____

EX PARTE JONATHAN JASON ANDERSON

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. 2018-118

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

Jonathan Jason Anderson was indicted by a Rusk County grand jury for aggravated sexual assault of a child. Over two years later, and on the State's motion, the indictment was dismissed by the trial court. One month later, Anderson filed his petition to expunge the records of his arrest and the charges brought against him. After a hearing, the trial court granted Anderson's petition and issued its order of expunction. The Texas Department of Public Safety (the DPS) appeals and asserts that there is legally insufficient evidence[1] to support the trial court's order of expunction.[2]

Because Anderson failed to present evidence at the hearing showing either (1) that the grand jury based the indictment on false information or a mistake, or (2) that there was a lack of probable cause, we find there was legally insufficient evidence to support the trial court's expunction order. We therefore reverse the trial court's judgment and render judgment denying Anderson's petition for expunction.

## I.     Standard of Review

In our legal sufficiency review, we determine "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Basley v. Adoni Holdings, LLC*, 373 S.W.3d 577, 582 (Tex. App.—Texarkana 2012, no pet.). We credit favorable evidence if a reasonable fact-finder could

---

[1]Although the DPS complains in a separate issue that the trial court misinterpreted the expunction statute, we interpret the DPS's argument under that issue as comprising a challenge to the legal sufficiency of the evidence.

[2]In his brief, Anderson asserts that the DPS waived its complaints on appeal by not objecting at the trial court, citing Rule 33.1(a)(1)(A) of the Texas Rules of Appellate Procedure. However, Rule 33.1 also provides that in a civil nonjury case, as here, "a complaint regarding the legal or factual insufficiency of the evidence . . . may be made for the first time on appeal in the complaining party's brief." TEX. R. APP. P. 33.1(d). For that reason, we find that the DPS has not waived its legal sufficiency of the evidence complaint.

and disregard contrary evidence unless a reasonable fact-finder could not. *City of Keller*, 168 S.W.3d at 827. The evidence is legally insufficient if (1) there is a complete absence of evidence of a vital fact; (2) the rules of law or of evidence bar the court from giving weight to the only evidence offered to prove a vital fact; (3) there is no more than a mere scintilla of evidence offered to prove a vital fact; or (4) the opposite of the vital fact is conclusively established by the evidence. *Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010). There is more than a scintilla of evidence when the evidence reaches a level enabling reasonable and fair-minded people to differ in their conclusions. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

## II.     Applicable Law

"The right to an expunction is neither a constitutional nor common law right but, rather, is a statutory privilege." *McCarroll v. Tex. Dept. of Public Safety*, 86 S.W.3d 376, 378 (Tex. App.—Fort Worth 2002, no pet.) (citing *Quertermous v. State*, 52 S.W.3d 862, 864 (Tex. App.—Fort Worth 2001, no pet.); *Ex parte Myers*, 24 S.W.3d 477, 480 (Tex. App.—Texarkana 2000, no pet.)). "The purpose of the expunction statute is to allow an individual who has been wrongfully arrested to expunge the records of that arrest." *Ex parte Ho*, No. 06-17-00120-CV, 2018 WL 2071392, at *1 (Tex. App.—Texarkana May 4, 2018, no pet.) (mem. op.) (quoting *Myers*, 24 S.W.3d at 480). Article 55.01 of the Texas Code of Criminal Procedure sets forth the requirements that must be met for expunction. It is the burden of the person seeking expunction to prove compliance with

3

the statutory requirements. *Id.*; *In re Means*, No. 06-09-00002-CV, 2009 WL 1530815, at *1 (Tex.

App.—Texarkana June 3, 2009, no pet.) (mem. op.).

As applicable to this case, Article 55.01 provides,

(a)    A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . . .

(2)    the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense, unless the offense is a Class C misdemeanor, provided that:

(A)    regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

. . . .

(ii)    if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because:

(a)    the person completed a veterans treatment court program created under Chapter 124, Government Code, or former law, subject to Subsection (a-3);

(b)    the person completed a pretrial intervention program authorized under Section 76.011, Government Code, other than a veterans treatment court program created under Chapter 124, Government Code, or former law;

(c)    the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense; or

(d)    the indictment or information was void; or

4

(B)     prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii)(a)–(d), (B) (West 2018).

### III.     Analysis

Here, there is no dispute that Anderson has been released, that the indictment has been dismissed, that the charge is no longer pending, or that there has been no court-ordered community supervision. Rather, the DPS contends that Anderson failed to establish he is entitled to expunction because he failed to present legally sufficient evidence which shows the indictment was dismissed because of any of the reasons listed under subsections (ii)(a) through (d), or that the limitations period for the offense for which he was arrested has expired. For his part, Anderson does not contest that there was no evidence that he completed a veterans treatment court program or a pretrial intervention program; neither does he contend that the indictment was void or that the limitations period for the charged offense has expired.[3] As a result, we must only determine whether Anderson produced legally sufficient evidence to show that the indictment was dismissed because its "presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of dismissal to believe [Anderson] committed the offense." TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii)(c).

Under this subsection, Anderson needed to show "that a mistake, false information, or other similar reason caused the presentment of the indictment and that, in turn, caused the dismissal." *Collin Cty. Criminal Dist. Attorney's Office v. Akhavan*, No. 05-10-00153-CV, 2011 WL 2028219,

---

[3]We also note that the record shows that no evidence supported an order of expunction under any of those bases.

5

at *2 (Tex. App.—Dallas May 25, 2011, no pet.) (mem. op.) (quoting *Kendall v. State*, 997 S.W.2d 630, 632 (Tex. App.—Dallas 1998, pet. denied)).  In other words, "the statute requires proof that the *original presentment* of the indictment was made because of mistake, false information, or other reason that would, at the time of the dismissal, indicate a lack of probable cause to believe the person committed the offense."  *Id*. (quoting *T.L.B., Jr. v. Tex. Dep't of Pub. Safety*, No. 03-10-00196-CV, 2011 WL 182889, at *3 (Tex. App.—Austin Jan. 20, 2011, no pet.) (mem. op.)).  This "requires proof that the grand jury based its decision on erroneous facts."  *Id*. (quoting *Kendall*, 997 S.W.2d at 632); *accord Ex parte Brewer*, No. 05-08-00598-CV, 2009 WL 1801037, at *2 (Tex. App.—Dallas June 25, 2009, no pet.) (mem. op.)).  An expunction cannot be based merely on the dismissal of the indictment because of insufficient evidence to obtain a conviction. *Id.* (citing *T.L.B.*, 2011 WL 182889, at *3; *In re E.R.W.*, 281 S.W.3d 572, 575 (Tex. App.—El Paso 2008, pet. denied); *Barker v. State*, 84 S.W.3d 409, 413 (Tex. App.—Fort Worth 2002, no pet.)).

The only evidence introduced at the hearing was a supplemental investigator's report that the district attorney acknowledged was attached as an exhibit to its motion to dismiss.[4]  In the report, an investigator for the State reported on a telephone conversation he had with Tami Haley Austin about her relationship with Shadara Maxwell:

---

[4]The motion to dismiss was not introduced at the hearing, but it was attached as an exhibit to the DPS's answer filed in the case.  The motion identifies the State's reason for dismissing the charge as follows:

> Other:  Actions of victim's mother call the credibility of the allegation into question to such a degree that securing a conviction is unlikely; Subjecting the child victim to the stresses of trial and cross-examination is not appropriate in light of such an unlikely chance of success at trial – See Exhibit A Attached.

The motion then stated, "This motion to dismiss the complaint is specifically not presented because of any mistake or false information in the presentment of the case to the grand jury, or absence of probable cause at this time to believe the defendant committed the offense."

> Ms. Austin told me the last time that she saw Maxwell was around July or August of 2016 and at the time she was moving out of an apartment she shared with Maxwell. Austin said that while she was gathering her stuff up, to get out, she was in a bedroom with Maxwell and her daughter. Austin said that Maxwell was upset with her and that she said that she would or indicated that she could say that she, Austin, has sexually molested Maxwell's daughter. Austin said that Maxwell's daughter is special and that she would apparently do or say whatever her mother needed. Austin indicated that Maxwell's daughter responded in a way that let her know she would go along with the accusation if it came to that.

Although there was no testimony about the identity of Maxwell and her daughter referenced in the report, it appears that the parties and the trial court understood that Maxwell was the mother of the alleged victim. Even if we assume that to be true, the report only showed that Maxwell, at one time, threatened to make a false allegation of sexual misconduct.

The report may have lessened the State's confidence that it would be able to obtain a conviction beyond a reasonable doubt without Maxwell's unimpeached testimony, but that is only relevant to sufficiency of evidence. It does not constitute evidence that the grand jury based the indictment on false information or a mistake, or that there was a lack of probable cause. *See Barker v. State*, 84 S.W.3d 409, 412–13 (Tex. App.—Fort Worth 2002, no pet.) (citing relevant cases). This evidence does not show that any testimony Maxwell may have given the grand jury was false, or that, at the time of the dismissal of the indictment, there was a lack of probable cause to believe that Anderson had committed the charged offense. And nothing in the report shows that the grand jury based its indictment on false information or erroneous facts.

Based on this record, we find that there was legally insufficient evidence to support the trial court's expunction order. We sustain the DPS's sole issue.

7

**IV.  Conclusion**

For the reasons stated, we reverse the trial court's judgment and render judgment denying Anderson's petition for expunction.  We also order that any documents turned over to the trial court or Anderson be returned to the submitting agencies.

Scott E. Stevens
Justice

Date Submitted:     March 18, 2019
Date Decided:       April 4, 2019