# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00090-CV

---

**G. R., Appellant**

**v.**

**Texas Department of Public Safety, Appellee**

---

### FROM THE 450TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-EX-19-000928, THE HONORABLE BRAD URRUTIA, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

G.R., appearing pro se,[1] appeals from the denial of his petition for an expunction. *See* Tex. Code Crim. Proc. art. 55.01(a)(2)(A)(ii)(c) (allowing expunction of certain charges upon completion of a "pretrial intervention" program and subsequent dismissal of the charges). We will affirm.

## BACKGROUND

In October of 2017, officers from the Austin Police Department arrested G.R. for a prostitution offense. *See* Tex. Penal Code § 43.02(c-l). He subsequently completed what he describes as a "john school" intervention program operated by the Travis County commissioners

---

[1] G.R. has filed a brief that includes only a cursory overview of his arguments and related authority. We will address his arguments to the extent we can discern them. *See* Tex. R. App. P. 38.1(i); *United Copper Indus., Inc. v. Grissom*, 17 S.W.3d 797, 805 n.6 (Tex. App.—Austin 2000, pet. dism'd) (holding pro se litigants to same standards as litigants represented by counsel).

court. Upon completion of that program, prosecutors moved to have the charges dismissed, and the trial court dismissed the charges.

G.R. then filed a petition for expunction in a Travis County district court, alleging that he is eligible for expunction under article 55.01(a)(2)(A)(ii)(c), which provides, "A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged" if the charges were dismissed because the person "completed a pretrial intervention program authorized under Section 76.011, Government Code, other than a veterans treatment court program created under Chapter 124, Government Code, or former law, or a mental health court program created under Chapter 125, Government Code, or former law." The district court held a hearing on the petition. There is no record of that hearing or of any evidence the litigants might have presented during the hearing because G.R., when asking the district court's clerk to prepare a record for appeal, indicated that a reporter's record was "not necessary."[2] After the hearing, the district court denied the petition. G.R. then perfected this appeal.

## DISCUSSION

G.R. challenges the denial of his petition, arguing, "The court didn't correctly follow the statute but instead denied G.R.'s petition for expunction on a statement and lack of evidence . . . ." We review a trial court's ruling on a petition for expunction for an abuse of discretion. *Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A court abuses its discretion if it acts unreasonably or arbitrarily or acts without

---

[2] When requesting the record from the clerk's office, G.R. asked for a clerk's record but not a reporter's record, explaining that a "reporter's record is not necessary for this appeal because this is an appeal based on Statutory Interpretation."

regard to governing legal principles.  *Travis Cty. Dist. Att'y v. M.M.*, 354 S.W.3d 920, 922 (Tex. App.—Austin 2011, no pet.).  In determining whether there was an abuse of discretion, we look only to the evidence before the trial court when the trial court rendered its decision.  *In re N.V.R.*, 580 S.W.3d 220, 226 (Tex. App.—Tyler 2019, pet. denied).

"Although section 55.01, the expunction statute, is included in the code of criminal procedure, an expunction proceeding is a civil proceeding; thus, the petitioner carries the burden of proving compliance with the statutory requirements."  *Heine*, 92 S.W.3d at 646 (citing *Ex parte Guajardo*, 70 S.W.3d 202, 205 (Tex. App.—San Antonio 2001, no pet.), and *Kendall v. State*, 997 S.W.2d 630, 631 (Tex. App.—Dallas 1998, pet. denied)).  "The petitioner is entitled to expunction only if all of the statutory requirements have been satisfied."  *Id.* (citing *Quertermous v. State*, 52 S.W.3d 862, 864 (Tex. App.—Fort Worth 2001, no pet.)).  As relevant here, those requirements include that (1) eligible charges (2) were dismissed or quashed (3) because the petitioner completed a qualifying pretrial intervention program.  *See* Tex. Code Crim. Proc. art. 55.01(a)(2)(A)(ii)(c).

In this case, G.R. has not shown how the district court abused its discretion by denying the petition for expunction.  To the contrary, the record does not reflect that, at the time of the ruling on his petition, G.R. had produced any evidence that he meets the statutory prerequisites for expunction.  G.R. argues that the district court erroneously failed to consider evidence submitted with his petition for expunction, but the record reflects no evidence appended to that petition.  A letter from the clerk of court indicates that G.R. appended certain documents to a proposed order; however, the clerk of court also reports that those documents were not before the court when the petition was adjudicated.  G.R. appended several documents to his appellant's brief, but those documents are not part of the record on appeal.  *See Bencon Mgmt. &*

3

*Gen. Contracting, Inc. v. Boyer, Inc.*, 178 S.W.3d 198, 210 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered." (citing *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.))). And to the extent G.R. argues that certain evidence was properly before the district court but was not preserved by reporter's record, we would deem that argument waived by G.R.'s decision not to request a reporter's record. *See* Tex. R. App. P. 37.3(c)(1) (establishing waiver for failure to request); *In re K.K.*, No. 02-17-00357-CV, 2018 WL 1630767, at *3 (Tex. App.—Fort Worth Apr. 5, 2018, no pet.) (mem. op.) ("Appellants bear the burden to present a record showing error requiring reversal."); *In re Berry*, 105 S.W.3d 665, 667 (Tex. App.—Beaumont 2003, no pet.) ("Where a reporter's record is not requested . . . we presume that sufficient evidence was introduced to support the findings and the judgment." (citation omitted)).

In short, G.R. has not identified any authority allowing a trial court to grant a petition for expunction in absence of evidence the statutory requirements are satisfied. Instead, courts require strict compliance with the provisions of the statute. *See, e.g., Collin Cty. Criminal Dist. Att'y's Office v. Dobson*, 167 S.W.3d 625, 627 (Tex. App.—Dallas 2005, no pet.). We must assume that the district court acted in accordance with governing legal principles in denying the petition for an expunction, *see Berry*, 105 S.W.3d at 667, and we will affirm on that basis.

## CONCLUSION

We affirm the district court's order denying the petition for an expunction.

_____

Edward Smith, Justice

Before Justices Goodwin, Kelly, and Smith

Affirmed

Filed:   August 26, 2020